WILLIAM E. BADGETT, Appellant,

*v.*

ROBERT L. BROOME et al., Appellees.

409 S.W.2d 354.

(*Knoxville,* September Term, 1966.)

Opinion filed November 14, 1966.

WILLIAM E. BADGETT, Knoxville, of appellant.

EARL S. AILOR, Knoxville, for appellees.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

This is an appeal from a decree of the Chancellor dismissing appellant's bill.

Appellant, complainant below, William E. Badgett, brought this suit in his capacity as a citizen, resident and taxpayer of Knox County against Robert L. Broome, Trustee of Knox County, C. Howard Bozeman, Judge of the County Court of Knox County, and Knox County, Tennessee.

The bill alleged that on August 9, 1965, the Quarterly County Court of Knox County passed a resolution providing for a referendum on whether a one cent sales tax should be adopted by the County and requested the Com-

missioners of Election for Knox County to call such an election to be held on September 23, 1965.

On the same date, the Quarterly County Court passed a resolution which provided that the tax rate for the year 1965 be fixed at $4.54 per $100.00 of evaluation in the event the sales tax was rejected by the voters in the referendum; and that in the event a one cent sales tax was authorized by the voters in the referendum such tax rate would be reduced to $3.54 per $100.00 of evaluation.

The bill further alleged that Robert L. Broome, Trustee, ''acting in concert, collusion and conspiracy with defendant, Bozeman, in the promotion of the tax and advocacy of the adoption of the one-cent sales tax in the referendum to be held September 23, 1965, has illegally and unlawfully used, and is about to use the funds of Knox County taxpayers, including this complainant, in a scheme to promote the sales tax by intimidating and bull-dozing the voters with a threatening tax notice that if the voters did not approve the sales tax their real estate taxes would be raised $1.00 for every hundred dollars of appraised evaluation. That the scheme used by defendant Broome to promote the sales tax is the sending out of a tax notice showing what the taxes will be at the $4.54 rate per hundred, and showing what the taxes will be if the sales tax is defeated. That the notices sent out by defendant Broome purport to be an official tax notice from his office as Trustee, when in truth and in fact there is no such thing in law as an official tax notice, and there is no law in Tennessee which permits said defendant Broome to expend funds of Knox County to send out any tax notices; that defendant Broome has already mailed some of these tax notices and is about to mail thousands more unless he is enjoined by process of this Court from

so doing; that the postage on the mailing of these tax notices will amount to an illegal and unlawful expenditure of more than $4,000.00 of the taxpayers' money, and that the printing bill and labor bill on preparation and sending out the notices will cause an illegal and unlawful expenditure of the funds of Knox County of more than $10,000.00.''

The prayer of the bill is the Court declare the resolution of the County Court fixing an alternative tax rate be declared invalid and that there is no official tax rate set for the year 1965; that the Trustee's action in mailing the tax notices is illegal and he be enjoined from further mailing such notices; and that the County Judge be enjoined from taking any action to enforce the resolution of the County Court in fixing the tax rate in the manner it did.

The defendants answered the bill and denied they had conspired to promote the passage of the sales tax by mailing tax notices to the taxpayers of Knox County.

The Trustee denied he had acted illegally in mailing the tax notices. He averred he had mailed tax notices to the taxpayers of Knox County during the year he had been the Trustee of the County.

Their answer denied the resolution in fixing the tax rate of Knox County for the year 1965 was illegal and invalid.

The Chancellor heard the matter on the bill and answer and certain exhibits filed by complainant and defendants.

The Chancellor filed a memorandum opinion in which he found the resolution of the County Court fixing the tax rate of Knox County was legal and valid and that the

Trustee had acted legally in mailing the tax notices to the taxpayers of Knox County. He further found there was no evidence in the record that the Trustee and County Judge had conspired to promote the passage of the sales tax by mailing the tax notices.

The Chancellor dissolved the temporary injunction issued upon the filing of the bill enjoining and restraining the Trustee from mailing tax notices and dismissed complainant's bill.

Complainant has perfected an appeal to this Court and assigned as error the action of the Chancellor in dismissing the bill.

We think the Chancellor was correct in his action in dismissing complainant's bill.

In complainant's brief it is stated the voters of Knox County adopted the one cent sales tax in the referendum held in that county on September 23, 1965.

The record further shows that the County Court had adjourned to meet on September 27, 1965, to fix the tax rate at $3.54 in the event the voters adopted the one cent sales tax.

■ The County Court could legally amend the tax rate. *Southern Railroad Co. v. Hamblen County,* 117 Tenn. 327, 97 S.W. 455 (1906).

■ The question of whether complainant is entitled to an injunction restraining the Trustee from mailing the tax notices has become moot. Where it appears the act to be enjoined has been consummated, an action for an injunction presents only a moot question and will be dismissed. *Malone v. Peay,* 157 Tenn. 429, 7 S.W.2d 40 (1928).

■ Moreover, we are of the opinion the mailing of the tax notices was not illegal or unlawful. It was the duty of the Trustee to collect the county taxes. The mailing of the notices was fairly within the scope of his duties and served to accomplish the principal purpose of his office.

■ Finally, the question was not raised before the Chancellor, but it is our opinion this suit cannot be maintained by the complainant in his capacity as a citizen, resident and taxpayer of Knox County.

" 'Public wrongs or neglect or breach of public duty cannot be redressed at a suit in the name of an individual or individuals whose interest in the right asserted does not differ from that of the public generally, or who suffers injury in common with the public generally, even, it seems, though his loss be greater in degree, unless such right of action is given by statute. * * * In case of purely public concern and in actions for wrongs against the public, whether actually committed or only apprehended, the remedy, whether civil or criminal, is as a general rule by a prosecution instituted by the state in its political character, or by some officer authorized by law to act in its behalf, or by some of those local agencies created by the state for the arrangement of such of the local affairs of the community as may be intrusted to them by law. * * *

" 'In the enforcement of matters of public interest it is generally recognized that the attorney general appearing as a public officer is a proper party to maintain litigation.' " *State ex rel. Wallen v. Miller,* 202

Tenn. 498, 304 S.W.2d 654 (1957), citing 39 Am.Jur., Parties, Section 11, page 863.

For the foregoing reasons, the decree of the Chancellor is affirmed.

BURNETT, CHIEF JUSTICE, DYER and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.