Ira N. SACHS, Individually, and State of Tennessee, on relation of Ira N. Sachs, a resident of Shelby County, Tennessee, Appellant,

v.

SHELBY COUNTY ELECTION COMMISSION et al., Appellees, Ira H. Murphy, Appellee.

Supreme Court of Tennessee.

May 12, 1975.

Thomas E. Hansom, Memphis, for appellant.

R. A. Ashley, Jr., Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, James E. Swearengen, Memphis, for appellees.

OPINION

COOPER, Justice.

This appeal is from a decree of the Chancery Court of Shelby County dismissing a petition for Writ of Mandamus filed against the Shelby County Election Commission, its members, registrar and Director.

The petition was filed by Ira Sachs, individually, and also purporting to act on relation of the State of Tennessee. Mr. Sachs sought to have the Chancery Court require the election commission determine the sufficiency of the qualifying petition of Ira H. Murphy for the August 1, 1974, Democratic primary election and (1) to remove the name of Mr. Murphy from the ballot, (2) to purge Mr. Murphy from the rolls as a registered voter of the 87th District of the House of Representatives of the Tennessee General Assembly, and (3) to have the commission pay the attorney's fees incurred by Mr. Sachs in filing and prosecuting the petition for Writ of Mandamus. Mr. Sachs alleged he had challenged the sufficiency of the qualifying petition filed by Mr. Murphy with the election commission on the grounds (a) the petition did not contain the signatures of the requisite number of qualified voters residing in the 87th District (see

T.C.A. § 2–505), and (b) that Mr. Murphy was not, in fact, a resident of the 87th District, and that he had submitted affidavits to the commission in support of the challenge; that, shortly after receipt of the challenge, the election commission had declared that Mr. Murphy's name would be on the ballot for the August first primary election. Mr. Sachs charged that the election commission had disregarded the mandate of T.C.A. § 2–505, with respect to the requirement that a nominating petition shall be signed by the candidate and twenty-five or more registered voters who are eligible to vote to fill the office. Mr. Sachs further charged that the action of the election commission in disregarding its statutorily imposed duty "was willful, malicious, open and notorious neglect of the duties imposed upon the commission and *owed to the petitioner as a resident citizen and qualified voter of the State House District No. 87,* Shelby County." (emphasis supplied)

The defendants raised the question of Mr. Sachs standing to sue, alleging inter alia that the petition was not properly brought in the name of the state since it did not bear the signature of the district attorney general, and was not properly brought by petitioner, individually, as petitioner did not allege any special or particular interest or right to have Mr. Murphy's name stricken from the ballot.

Without acting on the issue of lack of standing to sue, the chancellor heard evidence on the merits of the petition for Writ of Mandamus. The chancellor then filed a memorandum opinion directing the Shelby County Election Commission to examine the nominating petition of Mr. Murphy and to determine whether or not the petition contained the names of twenty-five or more persons registered to vote in the 87th House District. The chancellor went on to point out that the election commission, in making the examination, was not empowered or required to hear proof or make any determination with reference to the changing of any signature appearing on the petition, it being the opinion of the chancellor that such was a judicial function.

The election commission, without waiting on the entry of an order on the memorandum, complied with the directions of the chancellor and certified the results of their examination of the petition to the chancellor.

Several months later, and after the primary election was over and Mr. Murphy was the nominee of the Democratic Party for the office of representative from the 87th House District, the chancellor entered an order for the issuance of the Writ of Mandamus called for in the memorandum opinion. In the same order the chancellor concluded that no other relief was due the petitioner and dismissed the petition.

Petitioner appealed, insisting the chancellor erred (1) in denying petitioner damages in the form of attorney's fees; and (2) in interpreting T.C.A. § 2–505 so that the election commission was under no duty to hear proof or make a determination of the genuineness of the signatures on Mr. Murphy's nominating petition.

The defendants, answering these assignments, continue to insist that the petitioner did not have standing to file the petition for Writ of Mandamus.

In the recently decided case of *Bennett et al. v. Stutts et al.,* 521 S.W.2d 575, 576 (Tenn.1975), this court reemphasized that "it is the settled law in this state that private citizens, as such, cannot maintain an action complaining of the wrongful acts of public officials unless such private citizens aver special interest or a special injury not common to the public generally. *Patton v. City of Chattanooga,* 108 Tenn. 197, 65 S.W. 414 (1901); *Skelton v. Barnett,* 190 Tenn. 70, 227 S.W.2d 774 (1950); *Badgett v. Broome,* 219 Tenn. 264, 409 S.W.2d 354

(1966)." The enforcement of matters of public interest is the province of the District Attorney General appearing on relation of the State of Tennessee. See *State ex rel. v. Miller,* 202 Tenn. 498, 304 S.W.2d 654 (1956).

> "In cases of purely public concern and in actions for wrongs against the public, whether actually committed or only apprehended, the remedy, whether civil or criminal, is as a general rule by a prosecution instituted by the state in its political character, or by some officer authorized by law to act in its behalf, or by some of those local agencies created by the state for the arrangement of such of the local affairs of the community as may be entrusted to them by law." 59 Am. Jur.2d, Parties, Section 30, quoted with approval in *Bennett et al. v. Stutts et al., supra,* at p. 577.

In this case, petitioner predicated his right to file the petition for Writ of Mandamus upon the fact that he was a resident and registered voter of the 87th House District, nothing more. Petitioner alleged no facts which would indicate he stood in a position different from that of every other resident and registered voter of the district, nor did he allege any fact which would indicate that he had any particular interest in having Ira Murphy's name stricken from the ballot. Neither did the District Attorney General join in the petition for Writ of Mandamus. It follows under the authorities above cited, that the petitioner did not have standing to file the petition and that the chancellor should have dismissed the petition on motion of the defendants, without holding an evidentiary hearing and without issuing any mandatory directions to the election commission.

The decree of the chancellor dismissing the petition is affirmed. Costs incident to the appeal are adjudged against Ira N. Sachs, Individually, and his surety.

FONES, C. J., and HENRY, BROCK and HARBISON, JJ., concur.