**STATE of Tennessee, ex rel. ADVENTIST HEALTH CARE SYSTEM/SUNBELT HEALTH CARE CORPORATION, a Florida Not–For–Profit Corporation and Adventist Health System/Sunbelt, Inc., d/b/a Tennessee Christian Medical Center, a Florida Not–For–Profit Corporation, and Adventist Health System/Sunbelt Health Care Corporation, a Florida Not–For–Profit Corporation and Adventist Health System/Sunbelt, Inc., d/b/a Tennessee Christian Medical Center, a Florida Not–For–Profit Corporation, Plaintiffs/Appellants,**

**and**

**William Gray Davis, M.D., on behalf of Nashville Memorial Hospital, Inc., as a Director of Same, Homer Chance, Jeff Pennington, M.D., Robert L. Pettus, Jr.,**

M.D., and Wendell Wilson, M.D., for Themselves and Other Members of Nashville Memorial Hospital, Inc., Similarly Situated and as Relators Intervening–Plaintiffs and Relators/Appellants,

v.

NASHVILLE MEMORIAL HOSPITAL, INC., Nashville Memorial Health Systems, Inc., Nashville Memorial Foundation, Inc., Memorial Companies, Inc., Nashville Memorial Outreach Services Corporation, Community Health Services, and Medical Credit Clearing, Inc., Corporate Defendants/Appellees,

and

J.D. Elliott, James A. Rainey, William P. Puryear, Garland Rose, Charles Beck, M.D., Frank Bumstead, Edward C. Dunn, Charles Fentress, Thomas Hanes, M.D., Alice Hooker, Russ Kersten, Drew Maddux, James Martin, Herbert T. McCall, M.D., and David E. McKee, M.D., Individually and in their capacity as Directors, Trustees, or Officers of the Corporate Defendants, Individual Defendants/Appellees,

and

Healthtrust, Inc.—The Hospital Company, Intervening–Defendant/Appellee.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Aug. 9, 1995.

Permission to Appeal Denied Dec. 18, 1995.

Paul C. Ney, Jr., Doramus & Trauger, Nashville, for Plaintiffs/Appellants.

William R. Willis, Jr., Marian F. Harrison, Willis & Knight, Nashville, for Defendants/Appellees.

Charles W. Burson, Attorney General and Reporter, Perry Allan Craft, Deputy Attorney General, Cynthia E. Carter, Deputy Attorney General, Jon J. Tucci, Assistant Attorney General, Nashville, for the State.

Ames Davis, Nancy S. Jones, L. Beth Evans, Nashville, for HealthTrust, Inc.

Phillip North, R.H. Pursell, North, Pursell & Ramos, Nashville, for Intervening Plaintiffs.

*OPINION*

LEWIS, Judge.

This appeal involves two cases appealed from the Davidson County Chancery Court. The cases were consolidated by order of this court and involved the sale of Nashville Memorial Hospital, a not-for-profit corporation, to HealthTrust, Inc., a for-profit hospital company.

This court ordered the consolidation of three separate appeals represented by the following notices of appeal filed in the Chancery Court for Davidson County: 1) a notice filed in case number 93–3413–I (the quo warranto action) by the original plaintiffs from a final judgment entered as to them on 28 February 1994; 2) a notice filed on 20 April 1994 by the Intervening plaintiffs in a quo warranto action from a final judgment which was entered as to them on 24 March 1994; and 3) a notice of appeal filed in case number 94–744–I (the Attorney General action) on 14 September 1994 from an order entered on 19 August 1994 denying intervention to the Intervening plaintiffs in the quo warranto action.

The owners and operators of Nashville Memorial Hospital (Memorial defendants) signed a letter of intent on 4 November 1993 granting HealthTrust the exclusive right to negotiate for the purchase of assets of and including Nashville Memorial Hospital for a period of thirty (30) days. Subsequently, Adventist Health Systems/Sunbelt Health Care Corporation (Adventist plaintiffs) filed a complaint as relators pursuant to Tennessee Code Annotated sections 29–35–101 and 102, the quo warranto statute, against the Memorial defendants and J.D. Elliott in his capacity as an officer and director of the Memorial defendants. They sought to enjoin the sale of Memorial Hospital to HealthTrust and to require the Memorial defendants instead to negotiate in good faith with the Adventist plaintiffs for a merger between Memorial Hospital and Tennessee Christian Medical Center, a hospital owned and operated by the Adventist plaintiffs and located in the same geographical area as Memorial Hospital. Thereafter, the Memorial defendants filed a motion to dismiss the Adventist complaint on 23 November 1993 on the grounds that the plaintiffs lacked standing to bring the action under the quo warranto statute and that the complaint failed to state a claim upon which relief could be granted.

HealthTrust moved to intervene as a defendant and filed a motion to dismiss the complaint and/or for summary judgment. On the same day, 23 November 1993, five individuals filed a petition to intervene as plaintiffs (Intervening plaintiffs). They alleged they were either original incorporators, contributors, members or current directors of the not-for-profit corporation which owned and operated Memorial Hospital. The Intervening plaintiffs also named as defendants the State of Tennessee Attorney General, the 20th Judicial District Attorney General, and other persons in both their individual capacities and their official capacities as directors or trustees of the corporate Memorial defendants. On 28 December 1993, the court entered an order granting the Adventist plaintiffs leave to amend their complaint to add a single corporate defendant as well as two individual defendants to be sued in their official capacity as members of the Board of Trust of Memorial Hospital.

In January 1994, the District Attorney General notified the Chancellor that he would not join in the Adventist plaintiffs' quo warranto proceedings. The Adventist plaintiffs, thereafter, moved for an in limine hearing on the issue of whether the District Attorney General's refusal was improper or unjustified. Subsequently, the Memorial defendants filed a motion to dismiss the complaint of the Intervening plaintiffs and/or for sum-

mary judgment on the grounds that the Intervening plaintiffs lacked standing and that the statute of frauds barred their claims as charitable contributors. HealthTrust also subsequently joined in the motion.

Thereafter, the Chancellor granted the motion of HealthTrust and the Memorial defendants to dismiss the complaint of the Adventist plaintiffs and/or for summary judgment. The Chancellor found that the Adventist plaintiffs were not affiliated in any way with the Memorial defendants. Therefore, they lacked standing with respect to counts I through V of their complaint to bring an action under the quo warranto statute because their interest in the proposed sale of Memorial Hospital was common to that of the general public. The court further held that the determination of whether the sale of the assets of a non-profit charitable corporation was in the public interest is vested by statute to the Attorney General of the State of Tennessee pursuant to Tennessee Code Annotated section 48–62–102(g). The court also held that counts VI and VII of the complaint failed to state a claim for breach of contract because the written agreements upon which those counts were predicated neither required the Memorial defendants to negotiate indefinitely with the Adventist plaintiffs nor prevented the Memorial defendants from negotiating with other parties. That same order also denied the Adventist plaintiffs' motion for an in limine hearing on the ground that the District Attorney General also lacked standing to challenge the sale of Memorial Hospital under the quo warranto statute.

The Chancellor granted the defendants' motion to dismiss and/or for summary judgment as to the complaint of the Intervening plaintiffs.

Pursuant to the Tennessee Nonprofit Corporation Act, Tennessee Code Annotated section 48–62–102(g), the Corporate defendants, which controlled and operated Memorial Hospital, gave the Attorney General for the State of Tennessee (Attorney General) notice of their intention to sell Memorial Hospital to HealthTrust. The Attorney General conducted an in-depth inquiry into the proposed sale and exercised his authority under Tennessee Code Annotated section 8–6–401 et seq. to compel persons to testify and produce relevant documents.

Pursuant to his authority to bring any action he deemed necessary to protect the public interest, the Attorney General filed a complaint in the Chancery Court for Davidson County on 17 March 1994. Simultaneously filed with the complaint were the following: 1) a consent decree, 2) a stipulation of the parties requesting the court to approve the consent decree, and 3) a memorandum in which the Attorney General described an investigation his office conducted into the proposed sale, the relevant facts disclosed by that investigation, the concerns of the community, and his opinion of the duties of non-profit corporations in conjunction with the sale of assets. The Attorney General concluded that the sale of Memorial Hospital to HealthTrust, on the conditions set forth in the consent decree, was in the public interest. The court entered the consent decree on 17 March 1994. Neither the Adventist plaintiffs nor the Intervening plaintiffs in the quo warranto action moved to stay the consent decree. The Adventist plaintiffs did not move to intervene in the Attorney General action.

On 18 April 1994, the day before the consent decree became final, the Intervening plaintiffs in the quo warranto action filed a motion to intervene in the Attorney General action and to alter or amend the consent decree. On 5 May 1994, the Intervening plaintiffs moved to consolidate the actions. Subsequently, the Chancellor denied the motion to consolidate and denied the motion to alter or amend the consent decree entered in the Attorney General action. He also denied the motion of the Intervening plaintiffs to intervene in the Attorney General action and upheld the objection to the designation of documents filed in the Attorney General action as part of the record on appeal in the quo warranto action. On 14 September 1994,

the Intervening plaintiffs filed their notice of appeal from the order denying their motion to intervene in the Attorney General action. On 25 October 1994, the Adventist plaintiffs and the Intervening plaintiffs filed a joint motion in this court to consolidate the appeals in the two cases. This court granted the motion. HealthTrust and the Memorial defendants concluded the sale of Memorial Hospital on the terms approved by the Attorney General.

We first discuss whether the appeal of the quo warranto action is moot.

■ In the quo warranto action, the appellants sought to enjoin the sale of Memorial Hospital to HealthTrust and to require the original defendants to engage in negotiations to sell Memorial Hospital to Tennessee Christian Medical Center. However, the sale of Memorial Hospital to HealthTrust has been consummated, and Memorial Hospital no longer belongs to the Memorial defendants.[1]

■ If by the time a controversy reaches the appellate court questions presented have been deprived of practical significance and have become academic and abstract in character, the appeal should be dismissed as moot. *Perry v. Banks,* 521 S.W.2d 549, 550 (Tenn.1975); *LaRouche v. Crowell,* 709 S.W.2d 585, 587 (Tenn.App.1985). This is especially true when the relief sought is injunctive. "Where it appears the act to be enjoined has been consummated, an action for an injunction presents only a moot question and will be dismissed." *Badgett v. Broome,* 219 Tenn. 264, 268, 409 S.W.2d 354, 356 (1966).

The transaction, i.e., the sale of Memorial to HealthTrust, which appellants sought to enjoin in the Chancery Court, has been consummated. Thus, the injunctive relief sought is not available even if appellants otherwise succeed in this appeal. Therefore,

the appeal is dismissed as moot insofar as appellants sought to enjoin the sale of Memorial Hospital to HealthTrust.

Under the Tennessee Nonprofit Corporations Act, Tennessee Code Annotated section 48–51–101, et seq., (the Act), the Attorney General is expressly charged with enforcement of various provisions of the Act, including sales of assets and mergers by non-profit corporations. *See* Tenn.Code Ann. § 48–51–701. Memorial Hospital was owned by a public benefit corporation when it was sold to HealthTrust. The Act contemplates that the Attorney General is to scrutinize any sale of assets outside the ordinary course of business by a public benefit corporation. Additionally, the requirements applicable to non-profit corporations generally under Tennessee Code Annotated section 48–62–102(a) and (b) and Tennessee Code Annotated section 48–62–102(g) provide with respect to such sales of assets by those non-profit corporations which are public benefit corporations:

> A public benefit corporation must give written notice to the attorney general at least twenty (20) days before it sells, leases, exchanges or otherwise disposes of all, or substantially all, of its property in a transaction not in the usual and regular course of its activities unless the attorney general has given the corporation a written waiver of this subsection.

Tenn.Code Ann. § 48–62–102(g).

It is undisputed that the Attorney General was not only given such notice but also conducted a review of the proposed sale of Memorial Hospital to HealthTrust. The Attorney General's review included the contentions of the appellants with respect to the sale. The Attorney General concluded that the proposed sale was in the best interest of the public.

Under the provisions of Tennessee Code Annotated sections 48–51–701(b) and (c), the

---

1. Tennessee Rule of Appellate Procedure 14(a) grants this court the discretionary power to consider post-judgment facts "affecting the positions of the parties or the subject matter of the action such as mootness...." HealthTrust filed its mo-

tion for this court to consider post-judgment facts that the transaction has been consummated and the sale completed and to dismiss the appeal as moot. We have granted HealthTrust's motion to consider post-judgment facts.

Attorney General and directors or members of the non-profit corporation are the only persons with standing to bring a legal challenge to the action of a public benefit corporation. The Act provides:

(b) Whenever any provision of Chapter 51—68 of this title requires that notice be given to the attorney general or permits the attorney general to commence a proceeding:

(1) If no proceeding has been commenced, the attorney general may take appropriate action including, but not limited to, seeking injunctive relief;

(2) If a proceeding has been commenced by a person other than the attorney general, the attorney general, as of right, may intervene in such proceeding.

(c)(5) ... The attorney general retains the right to bring whatever action or proceeding he subsequently comes to believe is required by the public interest.

Tenn.Code Ann. § 48–51–701(b), (c).

It is clear that the Attorney General is charged with bringing necessary actions to protect the public interest in connection with the sale by a public benefit corporation of all or substantially all its assets regardless of whether any other party may have initiated such an action. The act also provides:

(a) Except as provided in subsection (b), the validity of corporate action may not be challenged on the ground that the corporation lacks or lacked power to act.

(b) A corporation's power to act may be challenged in a proceeding against the corporation to enjoin an act where a third party has not acquired rights. The proceedings may be brought by the attorney general, a director, or by a member or members in a derivative proceeding.

Tenn.Code Ann. § 48–53–104.

■ The plaintiffs, in the quo warranto action, lack standing to bring any action to challenge the sale of Memorial Hospital to HealthTrust on grounds of either the reasonableness of the price or the corporation's power to sell the hospital because they were not the Attorney General or directors or members of the corporation which sold Memorial Hospital.

Dr. William Gray Davis, one of the Intervening plaintiffs in the quo warranto action, claims to be a member of the board of directors of Nashville Memorial, Inc. Therefore, he would have standing to maintain an action under the Act. However, the Intervening plaintiffs, including Dr. Davis, expressly recognized and deferred to the Attorney General as the officer in power to scrutinize the fairness and appropriateness of the sale of Memorial Hospital to HealthTrust. In the eleventh prayer for relief of their intervening petition filed in the quo warranto action, the Intervening plaintiffs prayed as follows: "For injunctive relief preventing the implementation of any sale until such time as proper notice has been given to the Attorney General and the statutory twenty (20) day period has run or until the court or the Attorney General has conducted a fairness hearing." This is what ultimately transpired without any injunctive relief being necessary. The District Attorney General also recognized and deferred to the statutory authority of the State Attorney General. The District Attorney General declined to join the quo warranto proceeding and observed in a letter to the appellants dated 14 June 1994:

Also, it would appear that the recently enacted Tennessee Non–Profit Corporation Act governs the sale of assets by a non-profit corporation and specifically makes it the duty and responsibility of the State Attorney General to approve any such transaction. This statutory scheme in this particular situation virtually supersedes T.C.A. § 29–35–102. From my conversation with General Burson, the Attorney General's Office will not waive any statutory rights it has under the statute; consequently, the public interest is adequately protected as intended by the legislature.

It is without question that the Attorney General conducted an exhaustive investigation, wrote a lengthy opinion discussing the merits of the transaction and then filed his own lawsuit. On the basis of this lawsuit, the Chancery Court entered a consent decree which, with minor qualifications required by the Attorney General, approved the sale of Memorial Hospital to HealthTrust.

The State Attorney General, in his Memorandum Opinion, wrote that his office had investigated the sale and was of the opinion that, subject to the entry of the consent decree, a challenge to the sale was not warranted because the proposed sale was not injurious to the public interest. Further, the Attorney General recognized his statutory authority to supervise non-profit corporations, stating that his office has broad discretion and authority to act in the public interest in connection with non-profit corporations. The Attorney General, in reaching the conclusion that the proposed sale was in the public interest, considered the interests and concerns of both the Adventist plaintiffs and the Intervening plaintiffs. The Attorney General considered alleged self-dealing by board members of Memorial Hospital. The Attorney General also investigated the allegation that other real offers to buy the hospital were on the table but were ignored and the allegation that HealthTrust would control the foundation receiving money from the sale. The Attorney General indicated that he considered the circumstances surrounding the Adventist plaintiffs' bid. The record shows that the Attorney General did consider the offer of the Adventist plaintiffs in great detail.

The Attorney General emphasized that the board of the hospital had not acted improperly. It was the Attorney General's belief that, contrary to statements made by the Adventist and Intervening plaintiffs, the Memorial Hospital board members had fully informed themselves and received reasonable assurances as to the appropriateness of the sale before giving their final approval. The Attorney General, from his investigation, found that the board of Memorial Hospital had

reviewed and was well informed on all material matters prior to making the ultimate decision to sell. The Attorney General approved the action of the board and stated as follows:

> The members of the boards themselves devoted substantial time, effort, and energy to analyzing, pondering, and considering the ramifications of the proposed sale. They thought about their constituents, about the implications of not selling the hospital's assets, about a sale to others, about other options such as networking, about continuing to stand alone, and other alternatives, and the affects upon the members of the public who utilize the hospital and the community itself. They reflected upon the consequences to the patients, the employees, the businesses in the community which encourage or direct employees to utilize the hospital, and to the continued availability of primary care and specialized physicians for the community.

The Attorney General concluded that a challenge of the sale was not warranted only after he considered the total facts of the transaction. The Attorney General was of the opinion that the plaintiffs' rights were considered, and he adequately represented the interest of both the Adventist plaintiffs and the Intervening plaintiffs. We have considered the cases cited by the plaintiffs in their briefs regarding liberal standing requirements and quo warranto proceedings and find that they are inapposite because they do not discuss factual situations in which the Attorney General has exercised a specific statutory grant of authority.

Here, the Attorney General has carefully scrutinized the sale of Memorial Hospital and has concluded that the proposed sale to HealthTrust is in the public interest. He brought an action to enforce the provisions of the act, and a consent decree was entered which required that the transaction be modified in certain respects.

Plaintiffs are not satisfied with the Attorney General's decision and therefore wish to conduct litigation on their own to challenge

the Attorney General's decision as well as the decision of Memorial Hospital defendants to sell to HealthTrust. Appellants do not have standing to challenge the Attorney General's decision. If we should adopt the appellants' position, it could lead to the absurd situation that Memorial Hospital could never be sold because any potential buyer would face potentially endless litigation by a potentially unlimited number of litigants. This is not the law and should not be the law. The decision of the Tennessee Attorney General in those matters in which he is the legislatively designated representative of the public interest must bind every one who might claim to represent that interest.

We have considered each of the issues raised by the appellants and find them to be without merit.

It results that the judgment of the trial court is affirmed in all respects. The costs on appeal are assessed to the plaintiffs and Intervening plaintiffs and Relators. The cause is remanded to the chancery court for the implementation of its judgment and any further necessary proceedings.

CANTRELL, J., concurs.

TODD, P.J. (M.S.), concurs in separate opinion.

TODD, Presiding Judge, Middle Section, concurring.

The present state of the law and of the subject transaction compels me to concur in the principle opinion. However, certain aspects of the situation deserve examination and comment.

The Nashville Memorial Hospital began as a community sponsored and financed enterprise to which contributions were made to a committee of trustees. Presumably there was some form of statement of purposes of the trust including the provision of hospital facilities within the community.

It is not clear how the transformation occurred, but the trust and trustees have been supplanted by a "not-for-profit corporation" which, by government grants and income from operations has accumulated assets valued at over 100 million dollars. Acting within his authority, the Attorney General has approved the sale of those assets as "in the public interest."

Apparently the change from the board of trustees to the non-profit corporation has changed the purpose of the trust from furnishing hospital services within the community to simply "maintaining the public interest." The unanswered question is, how do the terms of the sale assure the continuation of hospital services *within the community?* What will prevent the purchaser from moving to another location or changing the character of services available in the community?

Present laws should be re-examined and altered to preserve the time honored rule that a charitable trust, once established, will be compelled to adhere to the purpose for which it was established so long as it is possible to do so, and thereafter to proceed under the orders of the Chancery Court to perform another purpose as near as possible to the original purpose.