IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE



| | | |
|---|---|---|
| THE UNITED METHODIST CHURCH, | ) | LOUDON CHANCERY |
| | ) | |
| Plaintiff/Appellee | ) | |
| v. | ) | NO. 03A01-9710-CH-00477 |
| | ) | |
| LOUDON COUNTY BEER BOARD and JAMES AUSTIN WATSON, d/b/a, J & C PACKAGE STORE, | ) ) ) | HON. FRANK V. WILLIAMS, III CHANCELLOR |
| | ) | |
| Defendants/Appellants | ) | AFFIRMED |

John Carson, III, Madisonville, for Appellant James Austin Watson
James H. Simpson, Lenoir City, for Appellant, Loudon County Beer Board
Rex A. Dale, Lenoir City, for Appellee, The United Methodist Church

## O P I N I O N

_____INMAN, Senior Judge

The Beer Board conducted a public hearing on January 21, 1997 to consider the application of James Watson for a permit to sell beer off premises at a location 485 feet distant from a building owned by The United Methodist Church ["UMC"].[1] and leased to Bonnie Keeble who operated a day care center therein.

There were many citizens in attendance at the hearing who expressed their opposition to the granting of the permit. It was represented to the Board by the attorney for Mr. Watson that the proposed location was more than 500

---

[1] It was not being used as a place of public worship, but on occasion the owner would allow gatherings such as wedding receptions, baby showers, receptions, and the like, in addition to the lessee's day care center.

feet from any place of public gathering,[2] which representation was apparently accepted by the Board not only as evidence but as truth of the fact. Ms. Keeble was present at the meeting and voiced her objection to the issuance of the permit.[3]

The Board issued the permit on January 21, 1997.

On January 30, 1997 the UMC, by its attorney, sent a letter to each Board member advising them that the permit violated the 500-foot ordinance and requested the Board to conduct a revocation hearing. The Board took no action.

Thereupon, the UMC, on March 20, 1997 filed a petition for a writ of certiorari, pursuant to T.C.A. § 27-8-101 *et seq.* and T.C.A. § 57-5-108 against the Beer Board and Mr. Watson, *seeking revocation of the permit* solely because it was issued in violation of the 500-foot rule. The Beer Board and Mr. Watson moved to dismiss the writ because the Church was not an aggrieved party and had no standing to intervene in the matter.

The Chancellor held that a *de novo* review was proper since "we are here on a common law writ of certiorari;"[4] that the scope of review was not limited to a determination of whether the Board's action was illegal, arbitrary or capricious; and that the Board *did not act illegally,* arbitrarily or capriciously. He further held that the day care center was a place of public gathering and that the permit location was within 500 feet of it, which required revocation of the permit because "the Board acted in excess of its authority."

T.C.A. § 57-5-108 provides that permits may be revoked by the Beer Board, whose action may be judicially reviewed by the statutory writ of

---

[2]The Loudon County ordinance provides that no retail beer permits for off-premises consumption shall be issued for any location within 500 feet of a church, school or other public gathering place.

[3]She is not a party.

[4]We think this statement was an inadvertence. The remedy is clearly by the statutory writ.

certiorari with a trial *de novo*. This procedure is exclusive. The refusal to grant a license is also reviewable.

The appellant argues that the UMC lacks standing to maintain this action because it is merely a landlord. T.C.A. § 27-9-101 provides that anyone who is aggrieved by the judgment of any Board may have such judgment judicially reviewed. To be an aggrieved party under the statute, a party should allege facts demonstrating that "he, she or it is adversely affected by the decision of the administrative agency" and should be able to show a special interest in the final decision, and a special injury not common to the public generally. *League Cent. Credit Union v. Mottern,* 660 S.W.2d 787 (Tenn. App. 1983); *Sacs v. Shelby County Election Commission,* 525 S.W.2d 672 (Tenn. 1975); *Bennett v. Stutts,* 521 S.W.2d 575 (Tenn. 1975). But the UMC is more than a landlord; the record reveals that a portion of the building is sometimes made available for weddings, receptions, and related activities. We think that the UMC has sufficiently demonstrated that it has a special interest in the result, and a special injury not common to the public generally. The finding of the Chancellor that the former church building remained a place of public gathering is supported by a preponderance of the evidence. The judgment is affirmed at the costs of the appellants.

_____

William H. Inman, Senior Judge

CONCUR:


_____

Herschel P. Franks, Judge



_____

Charles D. Susano, Jr., Judge