IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 11, 2003

## PAUL A. MILLER v. CONNIE MARIE MILLER

**Appeal from the Circuit Court for Wilson County**
**No. 1922     Clara Byrd, Judge**

---

**No. M2002-02775-COA-R3-CV - Filed December 17, 2003**

---

This is a post-divorce custody proceeding involving two young girls wherein the trial court denied the Father's Petition for a Change of Custody. We affirm the action of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., and PATRICIA J. COTTRELL, JJ., joined.

Nan Shelby Calloway, Nashville, Tennessee, for the appellant, Paul A. Miller.

Connie Marie Miller, Nashville, Tennessee, Pro Se.

### OPINION

It is necessary to depart from the chronology of this post-divorce nightmare in order to set forth certain post-judgment facts established by the supplemental record. When the Tennessee Rule of Appellate Procedure 24(a) technical record, consisting of two volumes, was filed it contained certain documents post-dating the Notice of Appeal filed on November 8, 2002 by counsel for Paul A. Miller. Among such documents was a Petition filed by Paul A. Miller December 30, 2002 seeking a change of parental responsibility and alleging, among other things, that Connie Marie Miller had been evicted from her residence and that the minor children were in serious danger of harm. This Petition was accompanied by a Motion for Emergency Temporary Custody. On February 18, 2003, Connie Marie Miller filed her Answer and Counter-Petition seeking a finding of contempt of court against Paul A. Miller.

Of more concern was a Motion for Emergency Temporary Custody filed by Gloria Jean Evins, Guardian ad Item for the minor children, indicating that the Mother was unemployed and without a home for the children. On March 21, 2003, a hearing was held on this Petition of the

Guardian ad Litem, and an Order was entered February 26, 2003 sustaining the Petition, granting temporary physical custody to Paul A. Miller and setting a final hearing for June 9, 2003.

Upon review of these post-judgment documents appearing in Volume II of the Tennessee Rule of Appellate Procedure 24(a) record, this Court, on August 27, 2003, entered the following Order:

> In this case it appears from Volume II of the technical record that certain post-judgment proceedings have occurred in the trial court which may have a bearing upon the outcome of this appeal. Specifically, the Notice of Appeal filed November 8, 2002 is from "the hearing held August 14, 2002, and the subsequent hearing held herein." The Order of the trial court reflecting the action of August 14, 2002 was entered September 11, 2002. A subsequent hearing was held September 17, 2002 resulting in Orders entered in the trial court on October 4, 2002 and October 14, 2002. Subsequent to the November 8, 2002 Notice of Appeal, post-judgment proceedings were held in the trial court which were initiated November 15, 2002 by the appellee's "Motion to Restrict Thanksgiving Visitation with Father." These post-judgment proceedings from November 15, 2002 through March 13, 2003 are reflected in Volume II of the technical record and certified by the circuit court clerk. Since it appears that developments subsequent to the Orders appealed from in this case may render all or a portion of this appeal moot, it is ordered that the Circuit Court Clerk of Wilson County file a Supplemental Transcript of all pleadings and orders reflecting actions of the trial court and proceedings in the trial court from and after March 13, 2003.

On September 10, 2003, the trial court clerk filed with this Court a Supplemental Appellate Rule 24(a) record disclosing that an Order was entered on April 3, 2003, following a hearing on March 28, 2003, under which all visitation between Mother and the minor children was suspended pending further orders of the court. The case was set for review on June 19, 2003.

On July 7, 2003, following the hearing of June 19, 2003, the following Final Order was entered:

> This cause came on to be heard on the 19th day of June, 2003, before the Honorable Clara Willis Byrd, Judge of the Wilson County Circuit Court, holding Court in Lebanon, Tennessee, upon the Guardian Ad Litem's Motion, statements of counsel for the Father and Guardian for the minor children, and no appearance by the Mother, and upon the entire record. The Court further finds that Attorney, Jerry L. Vance appeared on the Mother's behalf and stated that she did not wish to have any visitation with the minor children. Further, that Father waives the child support issue to finalize custody in that Mother has problems keeping a job and has psychological issues, and
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1. That Father is awarded primary residential parental responsibility of the minor children, [N.B.M.], whose date of birth is October 5, 1992 and [C.E.M.], whose date of birth is May 9, 1995.

2. That any visitation shall be agreed upon by the parties.

3. That Father is awarded the income tax deduction on the minor children.

4. That the parties are equally responsible for the Gu[a]rdian ad *Litem* fees to Gloria Jean Evins in the amount of Five Thousand Eight Hundred Twenty-Seven and 50/100 (5,827.50) Dollars. Father has previously paid a portion of the fees in the amount of Two Thousand ($2,000.00) Dollars. Further, Ms. Evins shall be awarded a judgment in the amount of Three Thousand Eight Hundred Twenty-Seven and 50/100 ($3,827.50) Dollars for the remainder of her fees, and Father shall be responsible for fees in the amount of Nine Hundred Thirteen and 75/100 ($913.75) Dollars due to his previous payments and Mother shall be responsible for fees in the amount of Two Thousand Nine Hundred Thirteen and 75/100 ($2,913.75) Dollars for which execution may issue.

5. That the parties shall be equally responsible for the court costs incurred in this matter.

On September 15, 2003, the following Order was entered by this Court:

Pursuant to order of this Court entered August 27, 2003, the Clerk of the Circuit Court of Wilson County has filed a Supplemental Transcript of all pleadings and orders reflecting actions of the trial court and proceedings in the trial court subsequent to March 13, 2003.

From this Supplemental Transcript it appears that an order was entered June 19, 2003, responsive to a motion by the guardian ad litem and statements by counsel for the father, along with an appearance by Attorney Jerry L. Vance on behalf of the mother and his statement that she did not wish to have any visitation with the minor children. This "final order" essentially awarded custody of both children to the father.

It is therefore ORDERED that counsel for the father show cause within ten days of the entry of this order as to why the pending appeal should not be dismissed as presenting issues which are now moot.

On September 24, 2003, counsel for Paul A. Miller responded to this Show Cause Order acknowledging the post-judgment proceedings but asserting that the merits of the appeal should be considered by the Court because, absent such review and possible reversal by this Court, he is made liable for costs and attorney's fees, the responsibility for which he may be entitled to be relieved.

While counsel for Paul A. Miller, on appeal, was not the same counsel continuing to represent Paul A. Miller in the post-appeal proceedings in the trial court, he cannot divide himself into component parts and is, after all, the same person and the same party in both the appeal and the post-appeal simultaneous proceedings in the trial court. Because of the post-appeal trial proceedings, he has received all the relief to which he is entitled and the issues raised on his appeal have become moot.

The doctrine of justiciability prompts courts to stay their hand in cases that do not involve a genuine and existing controversy requiring the present adjudication fo present rights. *State ex rel. Lewis v. State*, 208 Tenn. 534, 537, 347 S.W.2d 47, 48 (1961); *Dockery v. Dockery*, 559 S.W.2d 952, 954 (Tenn.Ct.App.1977). Thus, our courts will not render advisory opinions, *Super Flea Mkt. v. Olsen*, 677 S.W.2d 449, 451 (Tenn.1984); *Parks v. Alexander*, 608 S.W.2d 881, 892 (Tenn.Ct.App.1980), or decide abstract legal questions. *State ex rel. Lewis v. State*, 208 Tenn. at 538, 347 S.W.2d at 49.

Cases must be justiciable not only when they are first filed but must also remain justiciable throughout the entire course of the litigation, including the appeal. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); *Kremens v. Bartley*, 431 U.S. 119, 128-29, 97 S.Ct. 1709, 1715 (1977); 13A Charles A. Wright et al., *Federal Practice and Procedure* §§ 3533, 3533.10 (2d ed. 1984) ("Federal Practice and Procedure"). The concept of mootness deals with the circumstances that render a case no longer justiciable. *Davis v. McClaran*, App. No. 01-A-01-9304-CH-00164, slip op. at 2, 19 T.A.M. 1-3, 1993 WL 523667 (Tenn.Ct.App. Dec. 10, 1993), *perm. app. granted* (Tenn. Mar. 28, 1994) ("[m]ootness is a doctrine of justiciability"); Federal Practice and Procedure § 3533, at 211.

A moot case is one that has lost its character as a present, live controversy. *McCanless v. Klein*, 182 Tenn. 631, 637, 188 S.W.2d 745, 747 (1945); *Krug v. Krug*, 838 S.W.2d 197, 204 (Tenn.Ct.App.1992); *LaRouche v. Crowell*, 709 S.W.2d 585, 587 (Tenn.Ct.App.1985). The central question in a mootness inquiry is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief. Federal Practice and Procedure § 3533.3, at 261. A case will generally be considered moot if it no longer serves as a means to provide relief to the prevailing party. *Church of Scientology v. United States*, ___ U.S. ____, ____, 113 S.Ct. 447, 449 121 L.Ed.2d 313 (1992); *Knott v. Stewart County*, 185 Tenn. 623, 6262, 207 S.W.2d 337, 338-39 (1948); *Massengill v. Massengill*, 36 Tenn.App. 385, 388-89, 255 S.W.2d 1018, 1019 (1952).

Thus, a suit brought to enjoin a particular act becomes moot once the act sought to be enjoined takes place. *Badgett v. Broome*, 219 Tenn. 264, 268, 409 S.W.2d 354, 356 (1966); *Malone v. Peay*, 157 Tenn. 429, 433, 7 S.W.2d 40, 41 (1928). Similarly, an appeal concerning the legality of a prisoner's incarceration becomes moot upon the prisoner's unconditional release. *State ex rel. Lewis v. State*,

208 Tenn. at 538, 347 S.W.2d at 49; *State v. Doe*, 813 S.W.2d 150, 152 (Tenn.Crim.App.1991).

*McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn.Ct.App.1994).

The only issue asserted on appeal is that the evidence preponderates against the trial court judgment. Mr. Miller did not raise the question of attorney's fees awarded in the trial court.

The difficulty that Appellant has on appeal is that the essential fact questions in the case are almost entirely dependant upon an assessment of the credibility of witnesses, and particularly the credibility of Paul A. Miller and Connie Marie Miller. The trial court has made a credibility call, and when the case gets to the Court of Appeals, Appellant faces not only the burden under Tennessee Rule of Appellate Procedure 13(d) to establish by the record that the evidence preponderates against the judgment of the trial court, *Jahn v. Jahn*, 932 S.W.2d 939 (Tenn.Ct.App.1996), but is further inhibited by the time honored rule that "[t]he weight, faith and credit to be given to any witness' testimony lies in the first instance with the trier of fact who has the opportunity to observe the manner and demeanor of the witnesses as they testify. The credibility accorded by the trier of fact will be given great weight by the appellate court." *Weaver v. Nelms*, 750 S.W.2d 158, 160 (Tenn.Ct.App.1987); *see also Koch v. Koch*, 874 S.W.2d 571, 574 (Tenn.Ct.App.1993) and *Doe A. v. Coffee County Bd. of Educ.*, 925 S.W.2d 534, 537 (Tenn.Ct.App.1996).

It suffices to say that the evidence does not preponderate against the judgment of the trial court and even if the case was not moot, the judgment below would be affirmed.

The appeal of Paul A. Miller is dismissed under the rule in *McIntyre* because the intervening post-appeal proceedings have rendered all issues before the Court on appeal moot.

Costs of the appeal are assessed to Paul A. Miller and the case is remanded to the trial court.

_____
WILLIAM B. CAIN, JUDGE