In re **ORDER TO ENCAPSULATE NATIVE AMERICAN INDIAN GRAVESITES IN CONCRETE AND PAVE OVER WITH ASPHALT.**

Court of Appeals of Tennessee, at Nashville.

June 29, 2007 Session.

Aug. 23, 2007.

Permission to Appeal Denied by Supreme Court Feb. 4, 2008.

Joseph Howell Johnston, Nashville, Tennessee, for the Appellants, The Alliance for Native American Indian Rights in Tennessee, Inc., Pat Cummins, Sandi Perry, and Toye Heape.

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, and John H. Sinclair, Jr., Senior Counsel, for the Appellee, Gerald Nicely, Commissioner for the Tennessee Department of Transportation.

## OPINION

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and SHARON G. LEE, J., joined.

During construction involving Hillsboro Road in Davidson County, the Department of Transportation discovered three Native American Indian graves. The Department of Transportation eventually reinterred the graves and encapsulated the graves in concrete. The Department of Transportation later determined, after the fact, that simply encapsulating the graves in concrete did not comply with relevant statutory law. A first lawsuit was filed challenging the Department's alleged policy of encapsulating graves. While the first lawsuit was pending, the construction project was completed. On appeal in the first lawsuit, this Court determined that the plaintiffs' claims were moot and none of the applicable exceptions to the mootness doctrine applied. The present case involves the same claims as the first lawsuit, with the only exception being that this lawsuit initially was filed pursuant to the Uniform Administrative Procedures Act, Tenn.Code Ann. § 4–5–101, et seq. The Trial Court dismissed this lawsuit after finding that the same claims raised by

the plaintiffs in this case were held to be moot in the first appeal. We affirm.

### Background

This is the second lawsuit filed by the plaintiffs challenging the Department of Transportation's claimed policy of encapsulating Native American graves that were discovered during the widening of Hillsboro Road in Davidson and Williamson counties. The first lawsuit generated a reported opinion of this Court, *Alliance for Native American Indian Rights in Tennessee, Inc. v. Nicely,* 182 S.W.3d 333 (Tenn.Ct.App.2005) (*"Alliance I"*). The basic underlying facts are set forth at length in *Alliance I,* from which we quote liberally, with all footnotes within the quoted material being in the original:

In the mid–1990s, the Department of Transportation decided to widen and improve Hillsboro Road because of increased traffic. In January 1999, after construction had commenced near the intersection of Hillsboro Road and Old Hickory Boulevard, the Department's archeological crew discovered two unmarked ancient Native American graves on a portion of the project located in Williamson County. Four months later, a third ancient Native American grave was discovered on a portion of the project in Davidson County.

After its engineers determined that the planned construction would disturb all three grave sites, the Department filed petitions in the Chancery Courts of Williamson and Davidson Counties seeking judicial approval to disinter the remains and reinter them in another location.[1] At this point, the Tennessee

1. These petitions were filed under Tenn.Code Ann. §§ 46–4–101 to –104 (2000) which au-

thorize the filing of suits in chancery court to terminate the use of land as a cemetery and to

Commission on Indian Affairs and sixteen Native American individuals sought permission to join the Williamson County lawsuit as "interested persons."[2] The Chancery Court for Williamson County granted the Commission and the Native American individuals "interested person" status notwithstanding their concessions that they had no ownership interest in the property and that they could not prove any blood relationship to the persons whose remains had been discovered. This court thereafter granted the Department's Tenn. R.App. P. 10 application for an extraordinary appeal to review the Chancery Court for Williamson County's decision to grant "interested person" status to the Commission and the Native American individuals, as well as other procedural decisions the court had made.

The proceeding in the Chancery Court for Davidson County slowed after this court granted the Department's Tenn. R.App. P. 10 application in the Williamson County proceeding. By that time, the Alliance for Native American Indian Rights of Tennessee ("ANAIRT") and three Native American individuals had moved to join the Davidson County lawsuit as "interested persons" on the strength of the Williamson County chancellor's decision. Shortly after we granted the Department's Tenn. R.App. P. 10 application, these same Native American parties filed a counter-petition in the Davidson County proceeding asserting that the Department's proposed relocation of the Native American remains would violate their rights of con-

science and free exercise of religion under the First Amendment to the United States Constitution and Article I, § 3 of the Tennessee Constitution and their rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. The Davidson County chancellor decided to postpone acting on the Department's motion to dismiss the counter-petition pending the outcome of the Department's extraordinary appeal from the Williamson County chancellor's decision.

In 2001, this court held that the Williamson County chancellor had erred by granting the Tennessee Commission on Indian Affairs and the sixteen Native American individuals "interested person" status with regard to the Department's petition to relocate the Native American remains. We also held that neither the denial of "interested person" status nor the relocation of the Native American remains violated the rights of conscience or free exercise of religion protected by the First Amendment to the United States Constitution and Article I, § 3 of the Tennessee Constitution. However, we pointed out that the trial court could, in its discretion, permit the Native American parties to participate in the case as amici curiae. *State ex rel. Comm'r of Transp. v. Medicine Bird Black Bear White Eagle*, 63 S.W.3d 734, 757–67 (Tenn.Ct.App.2001).

The Department renewed its motion to dismiss the Native American parties' counter-petition in the Davidson County

---

disinter and reinter the human remains in another location.

2. Tenn.Code Ann. § 46–4–102 defines "interested persons" as:
  any and all persons who have any right or easement or other right in, or incident or appurtenant to, a burial ground as such,

including the surviving spouse and children, or if no surviving spouse or children, the nearest relative or relatives by consanguinity of any one (1) or more deceased persons whose remains are buried in any burial ground.

proceeding after the Tennessee Supreme Court declined to review this court's opinion in the Williamson County proceeding. In March 2002, the Davidson County chancellor dismissed the Native American parties' counter-petition in its entirety, although it permitted the Native American parties to continue to participate in the Davidson County proceeding as amici curiae.

Nine days after the entry of the Davidson County chancellor's order, the Department filed a notice under Tenn. R. Civ. P. 41.01 that it was voluntarily dismissing its petition.[3] The Department took this step because it had decided not to disinter and relocate the Native American remains, but rather to reinter them in place and encapsulate the graves in reinforced concrete. The Department believed that this course of action would assuage the Native Americans' concerns about disturbing the graves. On April 1, 2002, the Davidson County chancellor dismissed the Department's petition.[4]

Later in April 2002, ANAIRT and four Native American individuals filed a 42 U.S.C. § 1983 lawsuit against the Commissioner of Transportation[5] in the Chancery Court for Davidson County asserting that the Department's plans to reinter the Native American remains violated their rights under the Due Process and Equal Protection Clauses of the United States Constitution. While the Native American parties did not request damages, they requested the court to issue a temporary injunction preventing the Department from encapsulating and paving over the remains and a permanent injunction preventing the disinterment of the remains.[6]

In May 2002, the Davidson County chancellor denied the Native American parties' petition for a preliminary injunction. Several months later, the court dismissed their lawsuit as well. The court held that the Native American parties lacked standing to bring the action and that they had failed to allege a legally cognizable violation of their due process and equal protection rights. While the Native American parties filed a timely notice of appeal, they did not request the trial court or this court to stay construction of the project pending the outcome of this appeal. Accordingly, before the appellate briefs had even been prepared, the Department reinterred the remains, encapsulated the graves in reinforced concrete, and continued the improvements to Hillsboro Road over the top of the encapsulated

---

3. Although the record on appeal is silent regarding the date, at some point, the Department filed a similar notice of voluntary dismissal in the Williamson County proceeding.

4. This court affirmed the Davidson County chancellor's decision to deny the Native American parties' petition to intervene as "interested parties," as well as its decision to permit the Department to voluntarily dismiss its petition. *State ex. rel. Comm'r of Dep't of Transp. v. Any and All Parties with an Interest in Property Identified as Tax Map 158, Parcel 34*, No. M2002–01137–COA–R3–CV, 2003 WL 21439038 (Tenn. Ct.App. June 23.2003), *perm. app. denied* (Tenn. Dec. 22, 2003) (Not for Citation).

5. In accordance with Tenn. R.App. P 19(c), Commissioner Gerald F. Nicely has been substituted as a party defendant in the place of former Commissioner J. Bruce Saltsman.

6. The Native American parties clearly recognized that their claims might become moot once the remains were encapsulated and paved over. They noted in their petition for a preliminary injunction that if an injunction was not forthcoming, "the issue ... of this unusually callous treatment of Native American Indian grave sites by the Defendants may become moot."

graves. In January 2003, the Department completed the disputed construction project.

*Alliance I*, 182 S.W.3d at 336–38.

This Court resolved *Alliance I* on the basis that: (1) the plaintiffs' claims had become moot once the Department of Transportation completed the construction project; and (2) none of the exceptions to the mootness doctrine were applicable to the case. We stated:

> A case must remain justiciable through the entire course of litigation, including any appeal. *State v. Ely*, 48 S.W.3d 710, 716 n. 3 (Tenn.2001); *Cashion v. Robertson*, 955 S.W.2d 60, 62–63 (Tenn.Ct.App. 1997). A case is not justiciable if it does not involve a genuine, continuing controversy requiring the adjudication of presently existing rights. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 193 (Tenn.2000); *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d 615, 616 (Tenn.Ct.App.1998).
>
> A moot case is one that has lost its justiciability because it no longer involves a present, ongoing controversy. *McCanless v. Klein*, 182 Tenn. 631, 637, 188 S.W.2d 745, 747 (1945); *County of Shelby v. McWherter*, 936 S.W.2d 923, 931 (Tenn.Ct.App.1996).... Where a case on appeal is determined to be moot and does not fit into one of the recognized exceptions to the mootness doctrine, the appellate court will ordinarily vacate the judgment below and remand the case to the trial court with directions that it be dismissed. *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d at 617; *McIntyre v. Traughber*, 884 S.W.2d 134, 138 (Tenn.Ct.App.1994). However, if the case falls within one of the recognized exceptions to the mootness doctrine, the appellate court has the discretion to reach the merits of the appeal in spite of the fact that the case has become moot.

After the Native American parties filed their notice of appeal, but several months before the briefs on appeal were prepared, the Department completed the construction project that the Native American parties had sought to halt by the filing of this lawsuit. The Native American parties acknowledged during oral argument that the project had been completed and that the remains at issue had been reinterred, encapsulated in concrete, and paved over-the very acts they had sought to prevent. It is well established that a suit brought to enjoin a particular act becomes moot once the act sought to be enjoined takes place. *Miller v. Miller*, No. M2002–02775–COA–R3–CV, 2003 WL 22994305, at *4 (Tenn.Ct.App.Dec.17, 2003) (No Tenn. R.App. P. 11 application filed) (citing *Badgett v. Broome*, 219 Tenn. 264, 268, 409 S.W.2d 354, 356 (1966); *Malone v. Peay*, 157 Tenn. 429, 433, 7 S.W.2d 40, 41 (1928)).

The primary relief sought by the Native American parties was injunctive relief. While they also requested declaratory relief and attorney's fees, these requests were merely incidental to the primary relief they sought. Requests for incidental relief of this nature are insufficient to render a case justiciable if it is otherwise moot. *LaRouche v. Crowell*, 709 S.W.2d 585, 587 (Tenn.Ct. App.1985) (request for declaratory judgment); *McIntyre v. Traughber*, 884 S.W.2d at 138 (request for attorneys' fees); *see also Carson v. Daimlerchrysler Corp.*, No. W2001–03088–COA–R3–CV, 2003 WL 1618076, at *4 (Tenn.Ct. App.Mar.19, 2003) (No Tenn. R.App. P. 11 application filed) (request for prejudgment interest). Accordingly, this case has become moot, and the only remaining question on appeal is whether

it fits within one of the established exceptions to the mootness doctrine. . . .

The Native American parties conceded at oral argument that the courts could not provide them with the relief they sought with regard to the three graves discovered near the intersection of Hillsboro Road and Old Hickory Boulevard. Nevertheless, they insisted during oral argument that this court should reach the merits of their constitutional claims because the Department's actions in this case are capable of repetition and that these actions, if repeated, will evade judicial review. While Tennessee courts recognize the "capable of repetition yet evading review" exception to the mootness doctrine, *State ex rel. McCormick v. Burson,* 894 S.W.2d 739, 742 (Tenn. Ct.App.1994), we have determined that it is not applicable to this case.

\* \* \*

The Native American parties assert that the court should invoke the "capable of repetition yet evading review" exception because the Department has adopted a policy designed to avoid judicial entanglements whenever it encounters ancient Native American remains. Based on the Department's voluntary dismissal of its Tenn.Code Ann. § 46–4–103 petitions regarding this project, they assert that the Department has decided to discontinue seeking judicial authorization to remove and reinter Native American remains when discovered during construction and to simply reinter the remains in place, encapsulate them in concrete, and then continue construction. We find no evidentiary foundation for these assertions.

The Department has repeatedly emphasized that its actions in this case were based on its mistaken belief that reinterring the remains and encapsulating them in concrete would fully alleviate the Tennessee Native American community's concerns regarding the treatment of their potential ancestors' remains. This litigation has put the Department on notice, as its lawyer conceded during oral argument, that reinterring the remains and encapsulating them in concrete does not fully alleviate the concerns of many members of the Native American community. Accordingly, the Department now has a clearer, more accurate understanding of the Tennessee Native American community's reaction to this practice.

In addition, the Department repeatedly conceded during oral argument that it understood that it could not avoid filing a Tenn.Code Ann. § 46–4–103 petition by simply reinterring remains and encapsulating them in cement. . . .

In short, we credit the Department's representations at oral argument (1) that it has no policy requiring or even favoring reburial in place, encapsulation, and paving over of Native American remains discovered in the course of construction projects and (2) that it would first seek court approval under Tenn. Code Ann. § 46–4–103 before pursuing such a course of action with respect to a specific project in the future. Based on these assertions, we have concluded that the Native American parties' anticipation of the Department's actions in the future is, at best, speculative.

*Alliance I,* 182 S.W.3d at 338–41 (footnote omitted).

On October 17, 2005, the Tennessee Supreme Court denied the plaintiffs' Tenn. R.App. P. 11 application for permission to appeal our decision in *Alliance I.*

About the same time that the first lawsuit was dismissed and the notice of appeal

was filed, the plaintiffs [7] filed this action as a petition for declaratory relief with the Tennessee Department of Transportation challenging the Department's alleged policy of encapsulating Native American graves. This new lawsuit asserted the same set of facts that were at issue in *Alliance I*. After the Commissioner of Transportation denied the petition for declaratory relief, Plaintiffs filed a request for review with the Trial Court. This lawsuit then was stayed while the other lawsuits, including *Alliance I*, proceeded. Once this Court issued its opinion in *Alliance I*, the present case became active, and the Trial Court eventually entered an order dismissing this case. According to the Trial Court:

> This lawsuit is one of several lawsuits filed by The Alliance for Native American Indian Rights in Tennessee and individuals against the Commissioner of the Tennessee Department of Transportation challenging the Department's encapsulation by concrete and paving over of Native American graves during a highway widening project at the intersection of Hillsboro Road and Old Hickory Boulevard.... The legal theory advanced in this case is that the Department's policy, allegedly decided during the Hillsboro Road Construction, is to encapsulate by concrete and pave over Native American graves and not follow the disinterment procedure provided in Tennessee Code Annotated sections 46–4–101, *et seq.* The petitioners challenge the encapsulation policy on the grounds that it violates the Uniform Administrative Procedures Act because it was not adopted as per the required rule making procedure and/or that it treats Native American remains differently than other human remains

thereby violating constitutional rights and equal application of the law.

This lawsuit was stayed and held in abeyance while the other lawsuits proceeded. The matter is now before the Court on the defendant's motion to dismiss on the grounds of mootness.

This Court grants the motion, as follows, based upon the decision of the Tennessee Court of Appeals, Middle Section, in one of the other cases arising out of the same facts as this case but based upon a different legal theory....

The petitioners did not obtain a stay to prevent encapsulation of the graves in this matter. With the completion of the Hillsboro Road Construction, the graves in issue have been encapsulated. There is, then, no underlying factual controversy to support petitioners' challenge under the Uniform Administrative Procedures Act.

Secondly, the Court of Appeals also rejected the argument, which has been made in the motion to dismiss before this Court, that even if the case is moot with respect to the Hillsboro Road Construction, the case is nevertheless cognizable because it fits within the exception to the mootness doctrine: "capable of repetition yet evading review." In this regard, the petitioners argued to the Court of Appeals in [*Alliance I*] facts argued in this case: that the Department has decided not only for the Hillsboro Road Construction but future projects to discontinue seeking judicial authorization to remove and reinter Native American remains when discovered during construction and simply reinter the remains in place, encapsulate them

---

**7.** The plaintiffs in the present case are The Alliance for Native American Indian Rights in Tennessee, Inc., Pat Cummins, Sandi Perry, and Toye Heape (hereafter collective referred to as "Plaintiffs"). All Plaintiffs in the present case were plaintiffs in *Alliance I*.

in concrete, and then continue construction.

Apparently during oral argument to the Court of Appeals, the Department denied that encapsulation is its policy. Moreover, in the [*Alliance I*] opinion, the Court of Appeals stated that the use of real property of a cemetery governs not only disinterment and reburial of remains but also termination of [any] and all rights and easements to the use and ground as a burial ground, "[T]he answers of the Department's lawyer at oral argument are consistent with our understanding of the application of the statutes governing the termination of the use of real property as a cemetery. These statutes require court approval not only for the disinterment and reburial of remains, but also to 'terminate the use of, and all rights and easements to use ... ground as a burial ground, and all rights and easements incident or pertinent to the ground as a burial ground.'" Tennessee Code Annotated section 46–4–103(a)(2).

Petitioners' counsel attempts to keep this lawsuit alive by asserting that the legal theory advanced in this case is distinguishable from the [*Alliance I*] case decided by the Court of Appeals.

Although the legal theory advanced in this lawsuit derives from the Uniform Administrative Procedures Act, nevertheless the facts of this case and the petitioners' claim that the Department has a policy of encapsulation are the same as those decided by the Tennessee Court of Appeals quoted above. The issues, then, in this case have already been decided by a superior court and this Court is precluded from determining these issues.

The decision of the Tennessee Court of Appeals in [*Alliance I*] is that it credited the Department's representation during oral argument that it has no policy requiring or even favoring reburial in place, encapsulation or paving over of Native American remains discovered in the course of a construction project and that the Department would first seek court approval under Tennessee Code Annotated section 46–4–103. That decision of the Court of Appeals is on the same facts as this case and, therefore, controls and decides this case.

Additionally, this Court had the Department file a statement of its policy with this Court. The May 5, 2006 statement seems to track and be consistent with the statements made by the Court of Appeals in [*Alliance I*].

But, finally, even if the May 5, 2006 statement of the Department is not as broad or consistent with that made to the Court of Appeals, this Court concludes, as a matter of law, that the Court of Appeals' statements in [*Alliance I*] means that the Department's use of encapsulation, just as with relocation of remains, required the Department to file a petition under Tennessee Code Annotated sections 46–4–101, *et seq.* This Court concludes that the Court of Appeals, at a minimum, considered encapsulation a right "incident or pertinent to the ground as a burial ground." Thus, to the extent encapsulation, while not a policy, is an option the Department shall consider in the future, encapsulation nevertheless requires the Department to file a petition under sections 46–4–101, *et seq* ....

Plaintiffs appeal claiming, although not stated exactly as such, that: (1) the Trial Court erred when it determined the present case was moot; (2) the Trial Court erred in relying on *Alliance I* when dismissing this case; (3) the Trial Court incorrectly determined that none of the recognized exceptions to the mootness

doctrine applied in this case; and (4) the Trial Court erred when it determined that the Department of Transportation's statement on how it intends to proceed in the future was in compliance with Tenn. Code Ann. § 46–4–101.

### Discussion

Our standard of review as to the granting of a motion to dismiss is set out in *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714 (Tenn.1997). In *Stein*, our Supreme Court explained:

> A Rule 12.02(6), Tenn. R. Civ. P., motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn.1994). In considering this appeal from the trial court's grant of the defendant's motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions *de novo* with no presumption of correctness. Tenn. R.App. P. 13(d); *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn.1996); *Cook, supra.*

*Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn.1997).

The primary hurdle that Plaintiffs have failed to overcome is providing any satisfactory explanation as to why this case is not still moot. In *Alliance I*, this Court specifically held that Plaintiffs' claims challenging the Department's actions with regard to encapsulating the graves was moot because the construction project at issue had been completed. That construction project is still completed. In *Alliance I*, we also held that the "capable of repetition yet evading review" exception to the mootness doctrine did not apply in this case. As noted, the Supreme Court denied Plaintiffs' request for permission to appeal and *Alliance I* is now a published opinion. The present case involves the exact same Native American graves at issue in *Alliance I* and the exact same construction project-absolutely nothing has changed.

The only difference in the present case and *Alliance I* is the procedural vehicle utilized by Plaintiffs. In *Alliance I*, Plaintiffs' primary request for relief was for an injunction that was filed directly with the trial court. In the present case, Plaintiffs utilized the administrative route and have appealed the denial of their request for declaratory relief filed initially with the Department of Transportation. The present case is Plaintiffs' second bite at the very same apple.

This Court in *Smith Mech. Contractors, Inc. v. Premier Hotel Dev. Group*, 210 S.W.3d 557 (Tenn.Ct.App.2006), discussed the doctrine of res judicata as follows:

> In *Lien v. Couch*, 993 S.W.2d 53 (Tenn.Ct.App.1998), this Court discussed various aspects of the doctrine of *res judicata.* We stated:
>
> > Res judicata is a claim preclusion doctrine that promotes finality in litigation. *See Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn.1976); *Jordan v. Johns*, 168 Tenn. 525, 536–37, 79 S.W.2d 798, 802 (1935). It bars a second suit between the same parties or their privies on the same cause of action with respect to all the issues which were or could have been litigated in the former suit. *See Richard-*

*son v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn.1995); *Collins v. Greene County Bank*, 916 S.W.2d 941, 945 (Tenn.Ct.App.1995).

Parties asserting a res judicata defense must demonstrate that (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved the same cause of action. *See Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn.Ct.App.1990). A prior judgment or decree does not prohibit the later consideration of rights that had not accrued at the time of the earlier proceeding or the reexamination of the same question between the same parties when the facts have changed or new facts have occurred that have altered the parties' legal rights and relations. *See White v. White*, 876 S.W.2d 837, 839–40 (Tenn.1994).

The principle of claim preclusion prevents parties from splitting their cause of action and requires parties to raise in a single lawsuit all the grounds for recovery arising from a single transaction or series of transactions that can be brought together. *See Bio–Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1563 (Fed.Cir.1996); *Hawkins v. Dawn*, 208 Tenn. 544, 548, 347 S.W.2d 480, 481–82 (1961); *Vance v. Lancaster*, 4 Tenn. (3 Hayw.) 130, 132 (1816). The principle is subject to certain limitations, one of which is that it will not be applied if the initial forum did not have the power to award the full measure of relief sought in the later litigation. *See Davidson v. Capuano*, 792 F.2d 275, 279 (2d Cir.1986); *Carris v. John R. Thomas & Assocs., P.C.*, 896 P.2d 522, 529–30 (Okla.1995); *see also Rose v. Stalcup*, 731 S.W.2d

541, 542 (Tenn.Ct.App.1987) (holding that a subsequent action was not barred because the initial court did not have jurisdiction over the claim). Thus, the Restatement of Judgments points out:

The general rule [against relitigation of a claim] is largely predicated on the assumption that the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant's presenting to a court in one action the entire claim including any theories of recovery or demands for relief that might have been available to him under applicable law. When such formal barriers in fact existed and were operative against a plaintiff in the first action, it is unfair to preclude him from a second action in which he can present those phases of the claim which he was disabled from presenting in the first.

Restatement (Second) of Judgments § 26(1)(c) cmt. c (1982)....

*Lien v. Couch*, 993 S.W.2d at 55–56. *See also Ostheimer v. Ostheimer*, No. W2002–02676–COA–R3–CV, 2004 WL 689881, at *5 (Tenn.Ct.App. Mar.29, 2004), *no appl. perm. appeal filed* ("[C]laim preclusion bars any claims that 'were or could have been litigated' in a second suit between the same or related parties involving the same subject matter.").

*Smith Mech.*, 210 S.W.3d at 564–65.

All four elements of res judicata are present here: (1) a court of competent jurisdiction, *i.e.* this Court, rendered the prior judgment, (2) the prior judgment rendered by this Court was final and on the merits, (3) the same parties or their privies are involved both in this case and *Alliance I*, and (4) these proceedings and *Alliance I* involve the same underlying cause of action, that being a challenge to

the Department of Transportation's alleged policy of encapsulating Native American Indian graves. This result is not changed simply because the primary relief sought in the first case was injunctive relief and no such injunctive relief is sought in the present case. *See, e.g., Smith Mech.*, 210 S.W.3d at 565 ("[W]hen a party is seeking injunctive relief, that party should bring one action containing both the request for injunctive relief as well as the underlying cause of action."). The Trial Court correctly determined that *Alliance I* controls and that Plaintiffs' claims were and continue to be moot.

### *Conclusion*

The judgment of the Trial Court is affirmed and this cause is remanded to the Trial Court for collection of the costs below. Costs on appeal are taxed to the Appellants, The Alliance for Native American Indian Rights in Tennessee, Inc., Pat Cummins, Sandi Perry, and Toye Heape, and their surety, for which execution may issue, if necessary.