IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 1, 2012 Session

# DELWIN L. HUGGINS, JOHN P. KONVALINKA, as TRUSTEE for an UNDISCLOSED BENEFICIARY and in the NAME of DELWIN HUGGINS as a NOMINAL PARTY v. R. ELLSWORTH McKEE and ALTERNATIVE FUELS, LLC, a TENNESSEE LIMITED LIABILITY COMPANY

Appeal from the Chancery Court for Hamilton County
No. 071061      Jon Kerry Blackwood, Senior Judge

No. E2012-00080-COA-R3-CV-FILED-NOVEMBER 28, 2012

This appeal arises from a dispute over setoff claims related to a bankruptcy proceeding. Delwin Huggins ("Huggins") sued R. Ellsworth McKee ("McKee") and Alternative Fuels, LLC ("AF") (McKee and AF as "the Defendants," collectively) in the Chancery Court for Hamilton County ("the Trial Court"). Huggins filed for bankruptcy. Konvalinka later purchased the claims asserted by Huggins in this lawsuit. The Defendants filed a motion for judgment on the pleadings, arguing that, even if Konvalinka's claim for damages was successful, McKee had an offset far in excess of these damages which rendered any further proceedings useless. The Trial Court agreed with the Defendants and dismissed the case. We affirm, in part, and, reverse, in part, the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed, in part, and, Reversed, in part; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

John P. Konvalinka, Chattanooga, Tennessee, pro se appellant.

Bruce C. Bailey; Anthony A. Jackson; and, Jeffrey W. Maddux; Chattanooga, Tennessee, for the appellees, R. Ellsworth McKee and Alternative Fuels, LLC.

## OPINION

## Background

AF was a business that developed alternative fuel sources. Specifically, AF dealt in methane gas for the generation of electricity. Both Huggins and McKee apparently have ownership interests in AF. In December 2007, Huggins filed a complaint against the Defendants. In his complaint, Huggins alleged that McKee effectively shut him out of AF resulting in his claimed damages. In February 2008, the Defendants filed an answer and McKee filed a counterclaim seeking at least $1,500,000 alleging that Huggins was incompetent and drove AF into the ground.

In July 2009, Huggins filed for bankruptcy. In April 2010, the U.S. Bankruptcy Court for the Eastern District of Tennessee ("the Bankruptcy Court") entered an agreed order approving Konvalinka's purchase of the claims asserted by Huggins against the Defendants, and Konvalinka subsequently was joined in the Trial Court as a plaintiff in this case. In May 2011, the Defendants filed a motion to amend answer and counterclaim, requesting to be allowed to amend their answer and McKee's counterclaim to assert a setoff against Konvalinka. Also in May 2011, the Trial Court entered an order granting the Defendants' motion to amend. The Trial Court, addressing Konvalinka's arguments, stated, in part:

> The cases cited by the Trustee appear to invoke exceptions to the general rule, but are not applicable to this case since they involve foreclosure, sales of assets under 11 U.S.C. § 363(f), or other sales of assets free and clear of liens and claims. In the present case, Mr. Konvalinka stands in the shoes of Mr. Huggins after buying Mr. Huggins' interest in this lawsuit; he does not stand in any better position than Mr. Huggins, and did not buy Mr. Huggins' interest free and clear of Mr. McKee's defenses and rights against Mr. Huggins. If Mr. Huggins had continued to pursue this lawsuit, he would have been subject to Mr. McKee's counterclaim for setoff. Simply because Mr. Konvalinka purchased Mr. Huggins' interest as Plaintiff in this pending lawsuit, Mr. Konvalinka may not now avoid Mr. McKee's counterclaim for setoff.

In November 2011, the Bankruptcy Court entered an order holding that Konvalinka lacked standing to object to a proposed compromise in Huggins's bankruptcy

proceeding.[1]  The Bankruptcy Court subsequently entered an order granting and approving a compromise and settlement, stating in relevant part:

> **ORDERED** that for the purpose of the Trustee's distribution to unsecured creditors only, R. Ellsworth McKee's Proof of Claim, Claim No. 2, will be treated as follows:
>
> (a)  Mr. McKee's claim is subordinated in right of payment to the extent of $16,117,938 of Claim No. 2, to the claims of remaining unsecured creditors who properly filed claims within the time set out in the Trustee's Notice of Need to File Proof of Claim Due to Recovery or Anticipated recovery of Assets,
>
> (b)  Along with the remaining unsecured creditors, Mr. McKee will receive his pro rata share of the Trustee's distribution to unsecured creditors based on an $8,000,000 unsecured claim; and,
>
> (c)  Mr. McKee's partial subordination is only for the purpose of the Trustee's distribution to unsecured creditors and shall not affect the validity of Mr. McKee's Proof of Claim for $24,117,938, which shall be allowed.

In December 2011, McKee[2] filed a motion for judgment on the pleadings in the Trial Court, rooted in the Bankruptcy Court's order and McKee's setoff claim. According to McKee's motion: "Mr. Konvalinka's claim for damages, even if successful, which is vigorously disputed, allows a maximum recovery of approximately $480,000, against which Mr. McKee would be entitled to offset more than $24,000,000.  Thus, further

---

[1]The Bankruptcy Court's opinion may be found at *In Re Huggins*, 460 B.R. 714 (Bankr. E.D. Tenn. 2011).  According to the Bankruptcy Court, "Here, the interests of the trustee—who is a party to the proposed settlement—and the interests of John Konvalinka—who is not a party to the proposed settlement and is not a creditor in this case—diverge." *Id*. at 719.  The Bankruptcy Court further predicted: "Because John Konvalinka is not a party to the bankruptcy case and because there is a direct conflict between his interests and those of the trustee and he thus lacks privity with the trustee, the state court will not likely apply *res judicata* to preclude Mr. Konvalinka from contesting Mr. McKee's claim of a right of setoff." *Id*. at 720.

[2]McKee is the movant on the motion for judgment on the pleadings, but the memorandum in support of the motion refers to the motion as being by the Defendants.

proceedings in this case are useless and Mr. McKee is entitled to judgment on the pleadings."[3]  In January 2012, the Trial Court entered its order in favor of the Defendants, stating in relevant part:

> It appearing to the Court that the defendant has been allowed to amend the answer and counterclaim to assert the defense of set off with his allowed proof of claim in bankruptcy against the plaintiff; that the plaintiff John P. Konvalinka therefore assumes the same shares as the plaintiff Delwin Huggins; that the bankruptcy court has determined that the claim of Delwin Huggins is $24,227,538.00; that plaintiff's damages of proof would be $479,000.00 and that the judgment of the bankruptcy court is *res judicata* in these proceedings.
>
> ***
>
> IT IS THEREFORE ORDERED that this case is dismissed with cost assessed against the plaintiff . . . .

Konvalinka appeals to this Court.

## Discussion

Though not stated exactly as such, Konvalinka raises four issues on appeal: 1) whether the Trial Court erred in holding that the Defendants were entitled to assert the setoff claim against Konvalinka; 2) whether the Trial Court erred in holding that the Bankruptcy Court's order permitting McKee's claim against Huggins's bankruptcy estate was entitled to *res judicata* effect; 3) whether the Trial Court erred in dismissing Konvalinka's claims based on its conclusion regarding the amount of damages recoverable from McKee; and, 4) whether the Trial Court erred in dismissing Konvalinka's claims against AF.

The Trial Court dismissed this case as a judgment on the pleadings. As the Trial Court considered matters outside the pleadings, we, however, will apply the standard for summary judgment to this case. Tenn. R. Civ. P. 12.03. Our Supreme Court reiterated the standard of review in summary judgment cases as follows:

---

[3]The Defendants attached a number of exhibits to the memorandum of law accompanying the motion for judgment on the pleadings. These exhibits included, among other things, deposition excerpts and discovery responses.

-4-

The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).

A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." *Id*. at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id*. at 215 n.5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998), sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).

Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). In making that assessment, this Court must discard all countervailing evidence. *Byrd*, 847 S.W.2d at 210-11. Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

We first address whether the Trial Court erred in holding that the Defendants were entitled to assert the setoff claim again Konvalinka. We have previously discussed setoffs:

> The fundamental philosophy of all setoffs and recoupments is that a party being sued for money may claim entitlement to money from the party bringing the suit, permitting the adjudication of countervailing claims in one suit.
>
> > A set-off is a counterdemand which a defendant holds against a plaintiff, arising out of a transaction extrinsic of plaintiff's cause of action. It is the right which exists between two parties, each of whom under an independent contract owes an ascertained amount to the other, to set-off their respective debts by way of mutual deduction, so that in any action brought for the larger debt the residue only, after deduction, may be recovered. The right of set-off is a common-law right, which belongs to every creditor, to apply unappropriated monies of his debtor, in his hands, in extinguishment of debts due to him. It allows parties that owe mutual debts to each other to assert amounts owed, subtract one from the other, and pay only the balance.
>
> 80 C.J.S. Set-off and Counterclaim § 3 (2000) (footnotes omitted).
>
> * * *
>
> A setoff must be a valid claim for which the defendant might have sued the plaintiff and recovered. In other words, a setoff claim must be sufficient to support an independent action by the defendant against the plaintiff. An essential requirement to a right of setoff is that the demands, or claims, are mutual, that is subsisting between the same parties. Additionally, the reciprocal claims "must be of the same grade and nature or be due in the same capacity or right." The right to setoff is available to assert claims only to liquidated damages or those capable of being ascertained by calculation.

*Bakir v. Massengale*, E2009-02483-COA-R3-CV, 2010 WL 3394037, at *2 (Tenn. Ct. App. Aug. 30, 2010) (quoting *Conister Trust Ltd. v. Boating Corp. of America*, M1998-00949-COA-R3-CV, 2002 WL 389864, at **18-19 (Tenn. Ct. App. March 14, 2002) (citations omitted)), *no appl. perm. appeal filed*.

Konvalinka vigorously argues that no mutuality exists between him and McKee and, therefore, McKee's setoff as to Huggins cannot be used against him. We disagree. When Konvalinka purchased Huggins's claims asserted in this lawsuit, he stepped into Huggins's shoes, so to speak. In so doing, Konvalinka has no more rights or defenses than did Huggins. We affirm the Trial Court in its holding that McKee could assert the setoff against Konvalinka.

We next address whether the Trial Court erred in holding that the Bankruptcy Court's order permitting McKee's claim against Huggins's bankruptcy estate was entitled to *res judicata* effect. In *Lien v. Couch*, 993 S.W.2d 53 (Tenn. Ct. App. 1998), this Court discussed the doctrine of *res judicata*. We stated:

> Res judicata is a claim preclusion doctrine that promotes finality in litigation. *See Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976); *Jordan v. Johns,* 168 Tenn. 525, 536-37, 79 S.W.2d 798, 802 (1935). It bars a second suit between the same parties or their privies on the same cause of action with respect to all the issues which were or could have been litigated in the former suit. *See Richardson v. Tennessee Bd. of Dentistry,* 913 S.W.2d 446, 459 (Tenn. 1995); *Collins v. Greene County Bank*, 916 S.W.2d 941, 945 (Tenn. Ct. App. 1995).

> Parties asserting a res judicata defense must demonstrate that (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved the same cause of action. *See Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990). A prior judgment or decree does not prohibit the later consideration of rights that had not accrued at the time of the earlier proceeding or the reexamination of the same question between the same parties when the facts have changed or new facts have occurred that have altered the parties' legal rights and relations. *See White v. White*, 876 S.W.2d 837, 839-40 (Tenn. 1994).

> The principle of claim preclusion prevents parties from splitting their cause of action and requires parties to raise in a single lawsuit all the grounds for recovery arising from a single transaction or series of transactions that can be brought together. *See Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1563 (Fed. Cir. 1996); *Hawkins v. Dawn*, 208 Tenn. 544, 548, 347 S.W.2d 480, 481-82 (1961); *Vance v. Lancaster,* 4 Tenn. (3 Hayw.) 130, 132 (1816). The principle is subject to certain limitations, one of which is that it will not be applied if the initial forum did not have the power to award the full

measure of relief sought in the later litigation. *See Davidson v. Capuano*, 792 F.2d 275, 279 (2d Cir. 1986); *Carris v. John R. Thomas & Assocs., P.C.*, 896 P.2d 522, 529-30 (Okla. 1995); *see also Rose v. Stalcup*, 731 S.W.2d 541, 542 (Tenn. Ct. App. 1987) (holding that a subsequent action was not barred because the initial court did not have jurisdiction over the claim). Thus, the Restatement of Judgments points out:

> The general rule [against relitigation of a claim] is largely predicated on the assumption that the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant's presenting to a court in one action the entire claim including any theories of recovery or demands for relief that might have been available to him under applicable law. When such formal barriers in fact existed and were operative against a plaintiff in the first action, it is unfair to preclude him from a second action in which he can present those phases of the claim which he was disabled from presenting in the first.

Restatement (Second) of Judgments § 26(1)(c) cmt. c (1982).

*Lien*, 993 S.W.2d at 55-56.

Konvalinka argues, among other things, that, in this case, (1) no prior judgment was issued on the merits, and (2) the same parties or their privities from Huggins's bankruptcy proceeding are not involved here. We disagree. The judgment of the Bankruptcy Court was a final judgment in that it allowed McKee's proof of claim against Huggins. Moreover, as previously discussed, we believe that Konvalinka simply stepped into Huggins's shoes. This issue may not now be relitigated. While the Bankruptcy Court predicted that our state courts would not find *res judicata*, ultimately, it is up to the Tennessee state courts to make that determination. We affirm the Trial Court as to this issue.

We next address whether the Trial Court erred in dismissing Konvalinka's claims based on its conclusion regarding the maximum amount of actual and punitive damages possibly recoverable from McKee. Our Supreme Court, acknowledging the United States Supreme Court's guidance, has discussed what constitutes excessive punitive awards:

> To assist courts in determining whether a punitive award is grossly excessive and violates due process, the Court has identified three guideposts: (1) the

degree of reprehensibility of the defendant's conduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded and the civil penalties authorized or imposed in comparable cases. *Gore*, 517 U.S. at 574–75, 116 S.Ct. 1589.

*Goff v. Elmo Greer & Sons Const. Co., Inc.*, 297 S.W.3d 175, 191 (Tenn. 2009).

McKee's Proof of Claim in excess of $24,000,000 was allowed by the Bankruptcy Court and comprises McKee's setoff. It is undisputed that Konvalinka's maximum recovery of actual damages would be around $479,000. Konvalinka argues in his brief that in addition to his actual damages of $479,000, "a reasonable jury could award punitive damages in an amount in excess of $24,000,000 against McKee in this matter."

In consideration of the relevant factors, we conclude that under no circumstances could Konvalinka recover $24,000,000 in punitive damages in this case in such a way as to withstand a due process analysis. As pointed out by the Defendants on appeal, "[n]o one was maimed, no one was killed, and no one suffered physical injuries." $24,000,000 would represent approximately a 50 to one ratio of punitive damages to compensatory damages. Konvalinka argues that McKee's conduct was reprehensible in that he seized control of AF and essentially gutted the company for his own benefit at the expense of Huggins. Even if true, we hold that punitive damages of $24,000,000, at around 50 to one, would be completely beyond the pale in this case, and that such an award would be violative of due process under *Goff*. We find Konvalinka's issue three to be without merit.

Finally, we address whether the Trial Court erred in dismissing Konvalinka's claims against AF. Konvalinka argues his complaint asks for and that he is entitled to seek relief directly against AF. On this issue, we agree with Konvalinka. We observe that Huggins's original complaint requested that a receiver be appointed to take control of AF. Huggins also requested that the court, pursuant to Tenn. Code Ann. § 48-230-105, "rectify the wrongs committed by McKee and to compensate Huggins and AF for all losses suffered at the hands of McKee." We hold that Konvalinka may pursue Huggins's claims against AF. We emphasize that we are not making any determinations regarding the merits of Konvalinka's claims against AF. Rather, we merely hold that the Trial Court erred in dismissing Konvalinka's claims against AF at this stage of the proceedings.

We reverse the judgment of the Trial Court as to Konvalinka's issue 4. For Konvalinka's issues 1, 2, and 3 on appeal as already discussed, we hold that the Defendants are entitled to judgment as a matter of law and thus the Trial Court did not err in dismissing Konvalinka's claims against McKee.

## Conclusion

The judgment of the Trial Court is affirmed, in part, and, reversed, in part. This cause is remanded to the Trial Court for collection of the costs below and for further proceedings consistent with our Opinion. Costs on appeal are assessed one-half against the Appellant, John P. Konvalinka, and, one-half against the Appellee, Alternative Fuels, LLC.

_____

D. MICHAEL SWINEY, JUDGE