# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 25, 2014 Session

## DELWIN L. HUGGINS ET AL. v. R. ELLSWORTH McKEE ET AL.

### Appeal from the Chancery Court for Hamilton County
### No. 07-1061    Jon Kerry Blackwood, Judge[1]

---

### No. E2014-00726-COA-R3-CV-FILED-FEBRUARY 27, 2015

---

This is the second appeal in this action involving a dispute over setoff claims related to a bankruptcy proceeding. The action commenced when the original plaintiff, Delwin L. Huggins, filed a complaint against the defendants, R. Ellsworth McKee and Alternative Fuels, LLC ("AF"), in December 2007. In July 2009, Mr. Huggins filed for Chapter 7 bankruptcy. In that proceeding, John P. Konvalinka purchased Mr. Huggins's interest in this action and was subsequently joined as a substitute plaintiff. Following consideration of the defendants' motion for judgment on the pleadings, the trial court dismissed Mr. Konvalinka's claims. Upon appeal, this Court affirmed the dismissal as to Mr. Konvalinka's claims against Mr. McKee but reversed as to the claims against AF. Upon remand, the trial court dismissed Mr. Konvalinka's claims against AF as moot. Having determined that the trial court failed to explain its conclusion that no relief would be possible, we vacate the judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

John P. Konvalinka and Cody M. Roebuck, Chattanooga, Tennessee, for the appellant, John P. Konvalinka.

Anthony A. Jackson and Bruce C. Bailey, Chattanooga, Tennessee, for the appellee, Alternative Fuels, LLC.

---

[1]Sitting by designation.

**OPINION**

I. Factual and Procedural Background

The trial court originally dismissed Mr. Konvalinka's claims against both Mr. McKee and AF in an order entered in January 2012. As Mr. Konvalinka subsequently appealed the decision, this Court affirmed the dismissal as to the claims against Mr. McKee but reversed as to the claims against AF. *See Huggins v. McKee*, 403 S.W.3d 781 (Tenn. Ct. App. 2012). In pertinent part, this Court stated the facts giving rise to the action as follows:

> AF was a business that developed alternative fuel sources. Specifically, AF dealt in methane gas for the generation of electricity. Both Huggins and McKee apparently have ownership interests in AF. In December 2007, Huggins filed a complaint against the Defendants. In his complaint, Huggins alleged that McKee effectively shut him out of AF resulting in his claimed damages. In February 2008, the Defendants filed an answer and McKee filed a counterclaim seeking at least $1,500,000 alleging that Huggins was incompetent and drove AF into the ground.
>
> In July 2009, Huggins filed for bankruptcy. In April 2010, the U.S. Bankruptcy Court for the Eastern District of Tennessee ("the Bankruptcy Court") entered an agreed order approving Konvalinka's purchase of the claims asserted by Huggins against the Defendants, and Konvalinka subsequently was joined in the Trial Court as a plaintiff in this case. In May 2011, the Defendants filed a motion to amend answer and counterclaim, requesting to be allowed to amend their answer and McKee's counterclaim to assert a setoff against Konvalinka. Also in May 2011, the Trial Court entered an order granting the Defendants' motion to amend.
>
> . . .
>
> In November 2011, the Bankruptcy Court entered an order holding that Konvalinka lacked standing to object to a proposed compromise in Huggins's bankruptcy proceeding.[FN1] The Bankruptcy Court subsequently entered an order granting and approving a compromise and settlement stating in relevant part:
>
> [FN1] The Bankruptcy Court's opinion may be found at *In re Huggins*, 460 B.R. 714 (Bankr. E.D. Tenn. 2011). . . .

2

**ORDERED** that for the purpose of the Trustee's distribution to unsecured creditors only, R. Ellsworth McKee's Proof of Claim, Claim No. 2, will be treated as follows:

(a) Mr. McKee's claim is subordinated in right of payment to the extent of $16,117,938 of Claim No. 2, to the claims of remaining unsecured creditors who properly filed claims within the time set out in the Trustee's Notice of Need to File Proof of Claim Due to Recovery or Anticipated Recovery of Assets,

(b) Along with the remaining unsecured creditors, Mr. McKee will receive his pro rata share of the Trustee's distribution to unsecured creditors based on an $8,000,000 unsecured claim; and,

(c) Mr. McKee's partial subordination is only for the purpose of the Trustee's distribution to unsecured creditors and shall not affect the validity of Mr. McKee's Proof of Claim for $24,117,938, which shall be allowed.

In December 2011, McKee filed a motion for judgment on the pleadings in the Trial Court, rooted in the Bankruptcy Court's order and McKee's setoff claim. According to McKee's motion: "Mr. Konvalinka's claim for damages, even if successful, which is vigorously disputed, allows a maximum recovery of approximately $480,000, against which Mr. McKee would be entitled to offset more than $24,000,000. Thus, further proceedings in this case are useless and Mr. McKee is entitled to judgment on the pleadings." In January 2012, the Trial Court entered its order in favor of the Defendants, stating in relevant part:

It appearing to the Court that the defendant has been allowed to amend the answer and counterclaim to assert the defense of set off with his allowed proof of claim in bankruptcy against the plaintiff; that the plaintiff John P. Konvalinka therefore assumes the same shares as the plaintiff Delwin Huggins; that the bankruptcy court has determined that the claim of Delwin Huggins is $24,227,538.00; that plaintiff's damages of proof would be $479,000.00 and that the judgment of the bankruptcy court is *res judicata* in these proceedings.

3

*Huggins I*, 403 S.W.3d at 783-84 (additional footnotes omitted).

On appeal, this Court applied the standard for summary judgment because although the trial court dismissed the case as a judgment on the pleadings, it had "considered matters outside the pleadings." *Id.* at 785 (citing Tenn. R. Civ. P. 12.03). This Court affirmed the trial court's judgment in all respects except the dismissal of Mr. Konvalinka's claims against AF. *Id.* at 788. As this Court explained:

> Finally, we address whether the Trial Court erred in dismissing Konvalinka's claims against AF. Konvalinka argues his complaint asks for and that he is entitled to seek relief directly against AF. On this issue, we agree with Konvalinka. We observe that Huggins's original complaint requested that a receiver be appointed to take control of AF. Huggins also requested that the court, pursuant to Tenn. Code Ann. § 48-230-105, "rectify the wrongs committed by McKee and to compensate Huggins and AF for all losses suffered at the hands of McKee." We hold that Konvalinka may pursue Huggins's claims against AF. We emphasize that we are not making any determinations regarding the merits of Konvalinka's claims against AF. Rather, we merely hold that the Trial Court erred in dismissing Konvalinka's claims against AF at this stage of the proceedings.

*Id.*

Upon remand, Mr. Konvalinka filed a motion on January 21, 2014, to set the matter for trial. On February 28, 2014, AF filed a motion to dismiss the action, averring that Mr. Konvalinka's claims were moot because all of AF's assets had been sold a decade before. Mr. Konvalinka filed a response in opposition to AF's motion, and Mr. McKee subsequently filed a brief on behalf of AF. Following a hearing during which both parties presented oral argument but no evidence, the trial court entered an order of dismissal on April 2, 2014. Mr. Konvalinka timely appealed.

II. Issue Presented

Mr. Konvalinka presents one issue on appeal, which we have restated slightly:

Whether the trial court erred by dismissing Mr. Konvalinka's claims against AF as moot.

## III. Standard of Review

We review a non-jury case *de novo* upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). We review questions of law *de novo* with no presumption of correctness. *Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)). Whether the trial court erred by granting a motion for dismissal on the basis of mootness is a question of law. *State ex rel. DeSelm v. Jordan*, 296 S.W.3d 530, 533 (Tenn. Ct. App. 2008).

In reviewing the trial court's dismissal of a complaint pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure, we must only consider the legal sufficiency of the complaint dismissed. *See Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). As our Supreme Court has explained:

> A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion. In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *White v. Revco Disc. Drug Ctrs., Inc.*, 33 S.W.3d 713, 718 (Tenn. 2000) (citing Tenn. R. Civ. P. 8.01).

*Id.* (additional internal citations omitted).

## IV. Dismissal for Mootness

Mr. Konvalinka contends that the trial court erred by dismissing his claims against AF as moot. AF attempts to narrow the issue to whether the trial court erred by declining to appoint a receiver or order an accounting, the primary relief requested from AF by Mr. Huggins in the original complaint. AF argues that for the trial court to appoint a receiver or order an accounting would have been futile because AF was dissolved in 2003 and no

5

longer possessed assets to be received or accounted.[2]  Mr. Konvalinka responds to this argument by asserting that AF's lack of assets is not a defense to his claim for an accounting of where or to whom those assets were distributed and whether such assets could be recovered in the event of a judgment for equitable relief.  We agree with Mr. Konvalinka on this issue.

Upon the first appeal, this Court remanded this action to the trial court for proceedings consistent with our conclusion that Mr. Konvalinka, now acting in place of Mr. Huggins, still possessed viable claims that a receiver should be appointed to take control of AF and that, pursuant to Tennessee Code Annotated § 48-230-105 (2012), the court should compensate Mr. Huggins (now Mr. Konvalinka in his place) and AF for "all losses suffered at the hands of McKee."  *Huggins I*, 403 S.W.3d at 788 (quoting the original complaint).  Tennessee Code Annotated § 48-230-105 provides:

> If an LLC or a manager or governor of the LLC violates a provision of chapters 201-248 of this title, a court in this state may, in an action brought by a member of the LLC, grant any equitable relief it considers just and reasonable in the circumstances and award expenses, including counsel fees and disbursements, to the member.

In *Huggins I*, this Court determined that Mr. Konvalinka was precluded from seeking relief against Mr. McKee by the *res judicata* effect of the bankruptcy court order but that Mr. Konvalinka was not precluded from seeking relief directly against AF.  *Huggins I*, 403 S.W.3d at 788.

In its Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss Mr. Konvalinka's claims on remand, AF presented the following summary argument:

> All of the assets of Alternative Fuels were sold a decade ago.  Alternative fuels has been out of business ever since.  There is nothing to receive or account.  This case has become moot.  There is no real or practical relief this Court can grant.  Appointing a receiver or ordering an accounting would be a futile act.

---

[2]AF also argues that the applicable standard of review for this appeal is an abuse of discretion standard because the trial court was in essence denying the original request to appoint a receiver. *See State ex rel. Gibbons v. Smart*, No. W2013-00470-COA-R3-CV, 2013 WL 5988982 at *6 (Tenn. Ct. App. Nov. 12, 2013) ("[A]ppellate courts review decisions made by the chancery court, in the course of administering a receivership, under an abuse of discretion standard.") (internal citations omitted).  We disagree.  As the trial court dismissed Mr. Konvalinka's claims entirely, the appropriate standard of review is *de novo*. *See DeSelm*, 296 S.W.3d at 533.

6

Upon hearing AF's motion to dismiss, the trial court in its Order of Dismissal stated the following in substantive part:

> [I]t appearing that any further action in this case would be futile and the Motion to Dismiss should be granted,
>
> IT IS THEREFOR ORDERED by the Court that the Motion to Dismiss is granted and this case is dismissed with costs assessed against the Plaintiff for which execution shall enter.

The trial court therefore dismissed Mr. Konvalinka's claims upon its conclusion that no relief could be granted, rather than any finding as to insufficiency of the facts alleged in the complaint.[3]  *See* Tenn. R. Civ. P. 12.02(6).  "[A] case will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party." *Deselm*, 296 S.W.3d at 533-34 (noting also that "A case must maintain its justiciability throughout the entire course of the litigation in order to avoid being dismissed as moot.").  *See, e.g., Foster Bus. Park, LLC v. J & B Inv., LLC,* 269 S.W.3d 50, 57 (Tenn. Ct. App. 2008) (affirming the trial court's grant of a Rule 12.02(6) motion to dismiss on the basis of, *inter alia*, mootness due to no possibility of relief for the prevailing party); *In re Order to Encapsulate Native Am. Indian Gravesites in Concrete & Pave Over with Asphalt*, 250 S.W.3d 873, 882 (Tenn. Ct. App. 2007), (affirming the trial court's grant of a Rule 12.02(6) motion to dismiss on the bases of mootness and *res judicata*).

As in *Huggins I,* we emphasize here that "we are not making any determinations regarding the merits" of Mr. Konvalinka's claims.  *See Huggins I*, 403 S.W.3d at 788. However, with only a conclusory ruling made by the trial court that "further action in this case would be futile," we are also unable to review whether Mr. Konvalinka's claims were rendered no longer justiciable by an impossibility of equitable relief.  *See* Tenn. R. Civ. P. 12.02(6).

AF relies in part on this Court's precedent in domestic cases in which we have held that "'an accounting as contemplated by the Uniform Partnership Act would be a futile function'" when dividing marital property of divorcing parties who had entered a formal business partnership agreement while married.  *See Baggett v. Baggett*, 422 S.W.3d 537, 545 (Tenn. Ct. App. 2013) (quoting *Lyle v. Lyle*, No. 03A01-9412-GS-

---

[3]The trial court in its Order of Dismissal stated that it considered "the Defendant's motion to dismiss, arguments of counsel, and the entire record."  We recognize that if in dismissing Mr. Konvalinka's claims, the trial court considered matters outside the pleadings, the summary judgment standard of review would be applicable. *See* Tenn. R. Civ. P. 12.03; *Huggins I*, 403 S.W.3d at 785.  As it is not clear from the Order of Dismissal whether the trial court considered matters outside the pleadings and as neither party has addressed this issue on appeal, we have applied the standard for a Tenn. Rule of Civ. P. 12.02(6) motion to dismiss in this analysis.

7

00434, 1995 WL 324033 at *2 (Tenn. Ct. App. May 31, 1995)). AF's reliance on this domestic precedent is misplaced. While the basic tenet that "'the law does not require futile acts,'" *see id.*, holds true, we have before us no explanation given by the trial court as to why a grant of the requested relief in this action would be futile. As this Court has previously explained, a trial court speaks through its written orders, and the appellate courts review only the trial court's written orders. *See Conservatorship of Alexander v. JB Partners*, 380 S.W.3d 772, 777 (Tenn. Ct. App. 2011).[4]

Similarly, we determine AF's reliance on *In re Sentinel Trust Co.*, 206 S.W.3d 501 (Tenn. Ct. App. 2005) to be misplaced. In *Sentinel Trust*, this Court affirmed the trial court's declaration of the appellant shareholders' cause as moot when they had waited eleven months to seek review of a decision made by the Commissioner of Department of Financial Institutions to liquidate the company pursuant to the Tennessee Banking Act rather than seeking a prompt post-seizure hearing. *Id.* at 530-31 (noting that at the time of the trial court's denial of the shareholders' petition for writ of certiorari, "the receivership and liquidation had been under way for eleven months"). As Mr. Konvalinka notes, the instant action does not involve an action challenging the authority of the Commissioner of Department of Financial Institutions as the appellant shareholders' petition in *Sentinel Trust* did. *See id.* Moreover, the trial court in *Sentinel Trust* explained why the appellant shareholders' petition was moot in light of the receivership and liquidation ordered by the commissioner. *Id.* at 530.

We stress again that we are not making any determinations regarding the merits of Mr. Konvalinka's claims. However, in the absence of an explanation of the basis for the trial court's determination that those claims are moot, we must vacate the trial court's dismissal of Mr. Konvalinka's claims against AF. We remand for further proceedings consistent with our decision in *Huggins I*. *See* 403 S.W.3d at 788.

## V. Conclusion

For the reasons stated above, we vacate the trial court's judgment dismissing Mr. Konvalinka's claims against AF. This case is remanded to the trial court, pursuant to applicable law, for collection of costs assessed below and further proceedings consistent

---

[4]We note also that Mr. Konvalinka filed a notice, pursuant to Tennessee Rule of Appellate Procedure 24(d), that no transcript or statement of the evidence for the hearing on the motion to dismiss would be filed on appeal. Because the trial court speaks through its written orders, the absence of a transcript or statement of the evidence in this instance does not affect our analysis.

with this opinion and our decision in *Huggins I*, 403 S.W.3d 781. Costs on appeal are taxed to the appellee, Alternative Fuels, LLC.


_____
THOMAS R. FRIERSON, II, JUDGE